**FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. BYNUM AND CANADA** | § | |
| **HOCKEY LLC d/b/a EPIC SPORTS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Cause No. 4:17-cv-00181** |
| | § | |
| **TEXAS A&M UNIVERSITY ATHLETIC** | § | |
| **DEPARMENT; TEXAS A&M UNIVERSITY** | § | |
| **12TH MAN FOUNDATION; BRAD** | § | |
| **MARQUARDT, in his individual capacity;** | § | |
| **ALAN CANNON, in his individual capacity;** | § | |
| **LANE STEPHENSON, in his individual capacity,** | § | |
| | § | |
| **Defendants.** | § | |

**TEXAS A&M UNIVERSITY 12TH MAN FOUNDATION'S MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

     *A.*    *Pleading Standard* ...............................................................................................2

     *B.*    *Plaintiffs' Contributory Copyright Infringement Allegations are Legally Insufficient* ...................................................................................................3

     *C.*    *Plaintiffs' Vicarious Copyright Infringement Allegations are Legally Insufficient* ...................................................................................................5

CONCLUSION ......................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ....................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... 1, 2, 4, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 2, 4, 7

*BWP Media USA, Inc. v. T&S Software Assocs., INC.*,
   No. 3:13-CV-2961-BF, 2016 WL 1248908 (N.D. Tex. Mar. 25, 2016) .........................5

*Del Castillo v. PMI Holdings North America Inc.*,
   2015 WL 3833447 ........................................................................................................4

*Dimas v. Vanderbilt Mortg. and Finance, Inc.*,
   2010 WL 1875803 (S.D. Tex. May 6, 2010) .................................................................4

*Hinojosa v. Livingston*,
   807 F.3d 657 (5th Cir. 2015) .........................................................................................4

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   545 U.S. 913 .......................................................................................................... 3, 5, 6

*Papa Berg, Inc. v. World Wrestling Entm't, Inc.*,
   No. 3:12-CV-2406-B, 2013 WL 2090547 (N.D. Tex. May 15, 2013) ...........................5

*In re Parkcentral Glob. Litig.*,
   884 F. Supp. 2d 464 (N.D. Tex. 2012) ..........................................................................3

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ......................................................................................7

*Suncoast Post-Tension, Ltd. v. Scoppa*,
   4:13-CV-3125-VDG, 2014 WL 12596471 (S.D. Tex. May 13, 2014) ...........................3

*Yesh Music v. Lakewood Church*,
   No. 4:11-CV-03095, 2012 WL 524187 (S.D. Tex. Feb. 14, 2012) ...............................7

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 2

Fed. R. Civ. P. 8(a) ........................................................................................................ 3, 5

Defendant Texas A&M University 12th Man Foundation (the "Foundation") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims of Plaintiffs Michael Bynum and Canada Hockey's (collectively "Plaintiffs") First Amended Complaint (the "Amended Complaint"). *See* Dkt. No. 15.

## INTRODUCTION

The claims against the Foundation should be dismissed because they fall far short of the threshold pleading requirement set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this copyright infringement case, Plaintiffs make multiple allegations against the Texas A&M University Athletic Department and three of its employees centered on their alleged copying of the first chapter of Plaintiffs' unpublished book (the "Biography") and displaying it on the Athletic Department's website. For these alleged wrongful acts, the Plaintiffs have sued for direct, contributory, and vicarious copyright infringement, violations of the DMCA, and asserted Constitutional claims for taking of property.

The two claims against the Foundation, an unaffiliated 501(c)(3) non-profit organization, are quite different. The Foundation has not been sued for direct copyright infringement, violation of the DMCA or taking clauses, but only for contributory and vicarious copyright infringement. In their failed effort to allege these two claims, the Plaintiffs mention the Foundation by name only three times in the 18-page Amended Complaint alleging the "facts" supporting the claims. These references bear no apparent relationship to the alleged copyright infringement, and in any event, are legally insufficient. And multiple collective pleading references to "the Defendants" cannot satisfy Plaintiffs' pleading burden. As a result, Plaintiffs have not supported their contributory copyright infringement claim with any specific factual allegations of how the Foundation allegedly induced, caused, or materially contributed to the

alleged direct copyright infringement—publishing the Biography on the Athletic Department's website.  With respect to their claim of vicarious copyright infringement, Plaintiffs plead only legal conclusions and the uncontested fact that the Foundation financially supports the A&M Athletic Department, none of which are sufficient.

In short, the allegations against the Foundation do not pass muster and should thus be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

<u>**ARGUMENT**</u>

### A.    *Pleading Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "While a complaint . . . does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do;" instead, factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  If a pleading fails to satisfy this standard, the court must dismiss it under Rule 12(b)(6). *See, e.g., Twombly*, 550 U.S. at 570.  In considering a motion to dismiss courts should apply the *Iqbal* two-pronged approach. *Iqbal*, 556 U.S. at 678-79.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* at 678.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown that the pleader is entitled to relief." *Id.* (internal citations omitted).

**B.** **Plaintiffs' Contributory Copyright Infringement Allegations are Legally Insufficient**

"One infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930. As such, to survive the Foundation's motion to dismiss, Plaintiffs' contributory copyright infringement pleadings must include factual allegations plausibly showing that, among other things, the Foundation "with knowledge of the infringing activity, induce[d], cause[d] or materially contribute[d] to infringing conduct of another." *Alcatel USA, Inc. v. DGI Technologies*, Inc., 166 F.3d 772, 790 (5th Cir. 1999); *see also Suncoast Post-Tension, Ltd. v. Scoppa*, 4:13-CV-3125-VDG, 2014 WL 12596471, at *4 (S.D. Tex. May 13, 2014). Plaintiffs' Amended Complaint is completely devoid of any factual allegations that the Foundation had knowledge of the infringing activity, much less that it induced, caused, or contributed to the alleged infringing conduct by Defendants Marquardt, Cannon, Stephenson, or the A&M Athletic Department.

As an initial matter, Plaintiffs' claim for contributory copyright infringement fails because they improperly lump all Defendants together in their Amended Complaint. *See, e.g.,* Amended Complaint at ¶ 63 ("[A]ll Defendants knowingly induced, caused, and materially contributed to the infringing acts of others."); *id.* at ¶ 83 ("All Defendants induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to copy, reproduce, display, and distribute Defendants' infringing article."). "It is impermissible to make general allegations that lump all defendants together; rather, the complaint must segregate the alleged wrongdoing of one from another." *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 471 (N.D. Tex. 2012). Because Plaintiffs' Amended Complaint fails to distinguish the actions of the Defendants, it fails to meet the pleading requirements of Rule

8(a).  *See Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) ("When the plaintiff's complaint uses blanket terms covering all the defendants, by lumping them together…, these allegations are properly disregarded[.]")*; see also Del Castillo v. PMI Holdings North America Inc.*, 2015 WL 3833447, at *6 ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *Dimas v. Vanderbilt Mortg. and Finance, Inc.,* 2010 WL 1875803, at *8 (S.D. Tex. May 6, 2010) (dismissing RICO claims, in part, because the complaint failed to specify the role each Defendant played in the alleged scheme).

Plaintiffs' claim against the Foundation also fails because Plaintiffs' allegation of the Foundation's knowledge of the alleged infringing activity is a bare legal conclusion devoid of any underlying factual allegations.  *See* Amended Complaint at ¶ 87 ("Defendants at all times had knowledge of these acts and the infringement of the Gill Biography.").  The Amended Complaint contains absolutely no factual statements relating to whom at the Foundation had the requisite knowledge, what that knowledge consisted of, or when or how that knowledge was allegedly obtained.  These allegations are the type of "naked assertions devoid of further factual enhancement" that do not suffice to state a claim.  *See Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs also fail to allege any facts to support its allegation that the Foundation induced, encouraged, or caused the alleged infringing activity.  Plaintiffs again simply provide factually-unsupported legal conclusions.  Amended Complaint at ¶ 63 ("[a]ll Defendants knowingly induced, caused, and materially contributed to the infringing acts of others."); *id.* at ¶ 83 ("All Defendants induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to copy, reproduce, display, and distribute

Defendants' infringing article.  In particular, all Defendants [] encouraged the unauthorized use of the Gill Biography"); *id* at ¶ 86 ("[T]he Foundation [] approved and encouraged the unauthorized distribution and display of the infringing article on the A&M Athletic Department Website.").  There is no factual allegation of ***any*** communication between the Foundation and the A&M Athletic Department related to the alleged infringing activity, much less a communication that would have induced, encouraged, or caused the alleged infringing activity. Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678; *see also Papa Berg, Inc. v. World Wrestling Entm't, Inc.,* No. 3:12-CV-2406-B, 2013 WL 2090547, at *14 (N.D. Tex. May 15, 2013) (dismissing contributory copyright infringement claim for failing to allege "how [d]efendants induced, caused, or materially contributed to infringing conduct of another.").

In sum, Plaintiffs have failed to plead facts sufficient to support an inference that the Foundation had the knowledge of the allegedly infringing activity or that it actively induced, caused, or materially contributed to that activity.   Accordingly, the Court should dismiss Plaintiffs' claim for contributory copyright infringement against the Foundation.

### C.    *Plaintiffs' Vicarious Copyright Infringement Allegations are Legally Insufficient*

One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."  *Grokster*, 545 U.S. at 930; *see also BWP Media USA, Inc. v. T&S Software Assocs., INC.*, No. 3:13-CV-2961-BF, 2016 WL 1248908, at *3 (N.D. Tex. Mar. 25, 2016).  Therefore, to survive this motion to dismiss for a claim of vicarious copyright infringement Plaintiffs must plead facts sufficient to show that the Foundation: (1) profited from

the alleged direct infringement and, (2) declined to exercise a right to stop or limit it.  Plaintiffs have failed to plead sufficient facts to support either element.

First, Plaintiffs fail to allege any facts to support their allegation that the Foundation profited directly from the infringement.  At best, Plaintiffs have plead facts that show that the Foundation provides funds to the A&M Athletic Department.  *See* Amended Complaint at ¶ 8 ("in addition to its annual revenue from ticket sales, media rights, and other licensing agreements, the A&M Athletic Department is funded by codefendant, the Foundation."); *id* at ¶ 93 ("[a]s the primary source of funding for the A&M Athletic Department, which receives no funding from the State of Texas or public tax dollars, the Foundation has at all times had the right and ability to control and supervise the infringing acts of Marquardt and the A&M Athletic."); *id* at ¶ 95 ("since the Foundation receives donations to support the success of the A&M Athletic Department programs, and the Foundation funds the A&M Athletic Department through such donations, the Foundation and the A&M Athletic Department at all times had an obvious and direct financial interest in the infringement of the Gill Biography.").  However, that the Foundation contributes funds to the A&M Athletic Department does nothing to support the conclusion that the Foundation somehow directly profited by the alleged infringing activity.

Setting aside the legal conclusions in the Amended Complaint, such as the alleged "obvious and direct financial interest in the infringement," there are simply no facts to support that the Foundation profited at all by the alleged direct infringement, much less that it profited ***directly***.  *See Grokster*, 545 U.S. at 930.  For example, Plaintiffs have not plead any facts to support the contention that the A&M Athletic Department was making money off of the alleged infringing activity or that it routed any of that money to the Foundation.  Similarly, Plaintiffs have not plead any facts to support the contention that the Foundation received any money in the

form of donations as a direct result of the alleged direct infringement.  *Cf. A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1023 (9th Cir. 2001) ("Financial benefit exists where the availability of infringing material acts as a 'draw' for customers.") (internal citations omitted). In short, Plaintiffs have not plead a single fact from which the Court could reasonably infer that the Foundation received a single dollar as a direct result from the alleged direct infringement.

Plaintiffs also fail to allege any facts to support their allegation that the Foundation had control over the A&M Athletic Department, much less that it declined to exercise a right to stop or limit the alleged direct infringement.  "A defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."  *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1173 (9th Cir. 2007).  Plaintiffs instead provide factually-unsupported speculation and legal conclusions.  *See, e.g.,* Amended Complaint at ¶ 93 ("the Foundation has at all times had the right and ability to control and supervise the infringing acts of Marquardt and the A&M Athletic Department."); *id.* at ¶ 86 ("[T]he Foundation [] approved and encouraged the unauthorized distribution and display of the infringing article on the A&M Athletic Department Website.").  Other than the legal conclusions in the Amended Complaint, there is simply no factual support for Plaintiffs' assertions that the Foundation had the ability to direct or control the content of the A&M Athletic Department website or that it declined to exercise a right to stop or limit the alleged posting of the Gill Biography.  As a result, the Amended Complaint is insufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Yesh Music v. Lakewood Church*, No. 4:11-CV-03095, 2012 WL 524187, at *7 (S.D. Tex. Feb. 14, 2012) (dismissing a vicarious copyright infringement claim because plaintiffs did not allege facts showing defendant had a financial stake in the infringing activity or supervised the conduct).

In short, Plaintiffs have failed to plead facts sufficient to support an inference that the Foundation had control over the A&M Athletic Department or that it profited from the alleged infringing conduct.   Accordingly, the Court should dismiss Plaintiffs' claim for vicarious copyright infringement against the Foundation.

## <u>CONCLUSION</u>

For at least the foregoing reasons, the Foundation requests that the Court dismiss Plaintiffs' claims against the Foundation for contributory copyright infringement and vicarious copyright infringement.

Dated: May 17, 2017                                        Respectfully submitted,


                                                           */s/ Robert S. Harrell*
                                                           Robert S. Harrell
                                                           Attorney-in-charge
                                                           State Bar No. 09041350
                                                           Federal ID No. 6690
                                                           1301 McKinney, Suite 5100
                                                           Houston, TX  77010-3095
                                                           Telephone:     (713) 651-5151
                                                           Facsimile:      (713) 651-5246
                                                           Email:  robert.harrell@nortonrosefulbright.com

OF COUNSEL:
Daniel A. Prati
State Bar No. 24070446
Federal ID No. 1494928
dan.prati@nortonrosefulbright.com
Nicole Lynn
State Bar No. 24095526
Federal ID No. 3041738
nicole.lynn@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246

ATTORNEYS FOR DEFENDANT
TEXAS A&M UNIVERSITY
12TH MAN FOUNDATION


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 17, 2017, all counsel of record who are

deemed to have consented to electronic service are being served with a copy of this document via

the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the

Federal Rules of Civil Procedure.


                                                      */s/ Robert S. Harrell*