IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. BYNUM and CANADA HOCKEY LLC d/b/a EPIC SPORTS, | § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| | | Cause No. 4:17-CV-00181 |
| v. | | |
| TEXAS A&M UNIVERSITY ATHLETIC DEPARTMENT; TEXAS A&M UNIVERSITY 12TH MAN FOUNDATION; BRAD MARQUARDT, in his individual capacity; ALAN CANNON, in his individual capacity; LANE STEPHENSON, in his individual capacity, | | |
| Defendants | | |

## DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION

Comes now, the Office of the Texas Attorney General, acting as counsel for the named defendants in this action, and files this opposition to Plaintiffs' Motion for Reconsideration.

### INTRODUCTION

This case was filed on the eve of the expiration of the statute of limitations almost 3 years ago, and Plaintiffs continue to struggle with naming the proper parties to the suit, and identifying the causes of action they wish to pursue.

The motion pending before the court is styled as a "motion for reconsideration" under Fed. R. Civ. P. 54, but it is in reality a plea that this Court rewrite Plaintiffs' complaint without the benefit of a motion seeking leave to amend, or a proposed amended complaint to consider.

The live pleading in this case asserts as its primary claim for relief allegations of copyright infringement against an allegedly private actor. Takings claims under state and federal

law are raised in the alternative to the copyright claims, not as supportive of or as part of the allegations of copyright infringement. Simply replacing the words "Texas A&M Athletic Department" with "Texas A&M University" in the complaint would render the allegations regarding this defendant being a private actor meaningless, and would fundamentally change the character of the complaint.

If Plaintiffs now wish to make out a claim for copyright infringement against a state actor, and allege that those claims can proceed because the alleged copyright violations also (and not in the alternative) constitute violations of the takings clause, then Plaintiffs must file a new cause of action against their new chosen defendant raising these new claims for relief, or attempt to demonstrate to the Court that they are entitled to leave to file a Second Amended Complaint. Filing an amended complaint was in fact what the plaintiff in *United States v. Georgia* was required to do, so that, in the words of the majority opinion, the lower courts could "determine, in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated [the federal law at issue]; [and] (2) to what extent such misconduct also violated the Fourteenth Amendment . . ." Asking this Court to recast Plaintiffs' lawsuit so that it will avoid dismissal is not a proper form of relief, and violates the general maxim that a plaintiff remains always the master of its complaint. 546 U.S. 151, 155 (2006).

In addition, Plaintiffs' assertions regarding the impact of the grant of certiorari in *Allen v. Cooper*, 2019 WL 134012 (U.S. June 3, 2019), the holding in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), and the decision issued by the Texas Court of Appeals for the First District in *University of Houston Sys. v. Jim Olive Photography*, 2019 WL 2426301 (Tex. App. - Houston

[1st Dist.] June 11, 2019) are overstated.  The decisions in these case do not require this Court to revisit its March 29th Order.

Plaintiffs' motion should be denied.

## ARGUMENT

**I.        Application of *United States v. Georgia* requires proper pleading, which Plaintiffs have failed to do here.**

Plaintiffs repeatedly cite *United States v. Georgia* as a basis for holding that state sovereign immunity for federal copyright claims has been validly abrogated, in spite of the Fifth Circuit's holding in *Chavez v. Arte Publico Press,* 204 F.3d 601 (2000).  In *U.S. v. Georgia*, however, the Court stated that it would allow abrogation for those violations of a federal statute that also constituted an actual constitutional violation, to the extent that the pleadings demonstrated the application of this exception.  546 U.S. at 155.  In fact, the Court explicitly stated that on remand, the plaintiff should file an amended complaint, that the lower courts should then examine in order to "determine, in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated [the federal law at issue]; [and] (2) to what extent such misconduct also violated the Fourteenth Amendment . . ."  *Id.*

Here, the pleadings do not demonstrate that abrogation under *U.S. v. Georgia* is appropriate.  First, the allegations of a constitutional violation are in direct opposition to the claims of copyright infringement from a private actor, and are therefore pled in the alternative.  Second, it would be difficult to say that conduct violating copyright law would also violate the Constitution, when a takings claim requires more than simply showing that a protected work was used without permission.  *See, e.g., Thune v. United States*, 41 Fed. Cl. 49 (Fed. Cl. 1998) ("An

accidental or negligent impairment of the value of property is not a taking, but, at most, a tort. . . . Thus, the probability and foreseeability of the damage is a primary determinative element in whether a taking or a tort occurred.") (internal quotation marks and citations omitted).

> II. **The grant of certiorari in *Allen v. Cooper* did not vacate or otherwise disturb the holding of *Chavez v. Arte Publico Press*.**

Plaintiffs present no persuasive argument as to why this Court should rescind or revisit its March 29th order in light of the grant of certiorari in *Allen v. Cooper*. This Court's March 29th order follows binding Fifth Circuit precedent, which may in fact be affirmed by the forthcoming opinion in *Allen v. Cooper*. Order at pp. 16-17.

The United States Supreme Court has to date taken no action that vacates the holding of *Chavez v. Arte Publico Press*. 139 S. Ct. 2664 (granting certiorari but not vacating any other decision). The idea that the Supreme Court will overrule *Chavez* is completely theoretical at this point, and is not a proper basis on which this Court should decline to follow *Chavez*.

> III. ***Knick* applies explicitly to local governments, and courts addressing *Knick* have held that sovereign immunity applies to takings claims brought directly against a state.**

The Supreme Court's decision in *Knick v. Township of Scott* applies explicitly to local governments, and does not address the State's sovereign immunity from suit. 139 S. Ct. 2162, 2172-73 ("[S]omeone whose property has been taken by a local government has a claim under § 1983 for a deprivation of a right . . . secured by the Constitution.") (internal quotation marks omitted); *id.* at 2179 ("The state-litigation requirement of Williamson County is overruled. A property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government."). As this Court stated in its March 29th Order,

takings claims brought directly against a state, whether under state law or the Fifth Amendment, are barred by the Eleventh Amendment. Order at pp. 18-19 (collecting cases). Courts addressing *Knick* have found no reason to disturb this analysis. *See Bear Creek Ltd. LLC v. Idaho*, 2019 WL 3220675 (D. Id. July 17, 2019) (dismissing takings claims against the State of Idaho after *Knick*).

In addition, Plaintiffs attempt to use *Knick* to make up for its lack of adequate pleading to invoke *United States v. Georgia* takes *Knick* too far. *Knick* does not hold that any violation of a statutory right constitutes a taking. Instead, *Knick* focuses on the timing of when a violation occurs, assuming that a governmental action is fairly determined to constitute a "taking". 139 S. Ct. at 2177 ("We conclude that a government violates the Takings Clause when it takes property without compensation, and that a property owner may bring a Fifth Amendment claim under § 1983 at that time.").

### IV. The decision in *Jim Olive Photography* is more nuanced than Plaintiffs describe, and does not provide a proper basis to modify the March 29th Order.

In *Jim Olive Photography*, plaintiff brought a takings claim against a state university based on the posting of a particular photograph subject to a valid copyright registration. 2019 WL 2426301 at *1 (Tex. App. - Houston [1st Dist.] June 11, 2019). The First Court of Appeals discussed whether the state was immune from suit because plaintiff had failed to state a cause of action for a taking under the Texas constitution. *Id.* The Court engaged in an extensive discussion of various cases discussing whether a registered copyright could be considered a property interest protected by the takings clause. *Id.* at *1-2. At the conclusion of this discussion, the Court noted that "[i]t is not in dispute that a copyright is property with value to its

owner." *Id.* at *11.  Nevertheless, the court found that the plaintiff had not alleged that "the University took his copyright interest; the only reasonable construction of Olive's claim is that the University committed infringement." *Id.* at *11.  "Olive never lost his right to use or license his photograph; the University's infringement cost Olive a licensing fee." *Id.*  The Court therefore held that "[c]opyright infringement as alleged by Olive is akin to a transitory common law trespass - a government interference with real property that may not amount to a taking at all.".  *Id.* at *12 (internal quotation marks and citation omitted).

This decision supports this Court's determination that it should not, on its own motion, substitute Texas A&M University into Plaintiffs' takings claims.  Even if Plaintiffs were to name the correct party, and somehow overcome the bar of the Eleventh Amendment, they would still need to assert some basis on which the posting of an article for less than 72 hours could constitute a complete appropriation of a protected property interest sufficient to make out a claim for a "taking" under state or federal law.

## CONCLUSION

On behalf of the named defendants in this action, we ask that the Court deny Plaintiffs' motion for reconsideration.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

JOSHUA R. GODBEY
Division Chief
Financial Litigation and Charitable Trusts Division

 /s/ H. Melissa Mather
H. Melissa Mather
State Bar No. 24010216
Assistant Attorney General
Financial Litigation and Charitable Trusts Division
P.O. Box 12548, Austin, TX 78711-2548
Telephone: (512) 475-2540
Facsimile: (512) 477-2348
Email: melissa.mather@oag.texas.gov

*Counsel for Texas A&M University,
Brad Marquardt, Alan Cannon and Lane Stephenson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system and/or by certified mail, return receipt requested, on this 30th day of August, 2019.

 /s/ H. Melissa Mather
 H. Melissa Mather
 Assistant Attorney General