IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL J. BYNUM AND CANADA HOCKEY LLC d/b/a EPIC SPORTS** *Plaintiff* | § § § | |
| v. | § § | CIVIL NO. 4:17-cv-00181 |
| **BRAD MARQUARDT,** in his individual capacity *Defendant* | § § § § | |

## DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

Defendant Brad Marquardt ("Marquardt") files this motion seeking leave to file his first amended answer attached hereto as Exhibit A. Because no prejudice or undue delay would result from granting Marquardt's timely motion for leave, Marquardt respectfully requests the Court to grant his motion.

**I.    Background**

This is a copyright infringement case. Employees of Texas A&M University posted an article about E. King Gill, A&M's original 12th Man, on a University website for a period of three days in January 2014. The article was written by Whit Canning, a former sports writer, in 1997 or 1998.

Plaintiff Michael Bynum claimed he owned the copyright to Whit Canning's article, and he sued several defendants for copyright infringement, violations of the Digital Millennium Copyright Act and unconstitutional takings of property. [Dkt. No. 15]

This Court granted a motion to dismiss Defendants Texas A&M University Athletic Department, Texas A&M University 12th Man Foundation, and individual

defendants Alan Cannon and Lane Stephenson. These claims were severed and Plaintiffs' claims against Brad Marquardt remain pending in this case. [Dkt. No. 178]. Plaintiffs appealed the order dismissing those defendants to the Fifth Circuit. The focus of that appeal, which had also been the focus of much of the proceedings in this Court, was whether sovereign immunity precluded Plaintiffs from suing Texas A&M University for copyright infringement or for an unconstitutional taking claim.

While the case against the dismissed defendants was pending before the Fifth Circuit, Plaintiffs' counsel filed an unopposed motion to amend the scheduling order in this case, which was entered by the Court on July 7, 2021 [Dkt. No. 219]. That scheduling order was designed to postpone most discovery and pretrial deadlines until after the Fifth Circuit had weighed in on the question of whether Texas A&M was immune from Plaintiffs' claims. Accordingly, pre-trial deadlines, including the deadline to amend pleadings, were triggered by the date upon which the Fifth Circuit ruled on all matters in that appeal. [Dkt. 221].

On February 14, 2022, the Fifth Circuit affirmed this Court's ruling and denied Plaintiffs' motion for rehearing. Pursuant to the scheduling order in this case, the parties then had 120 days to complete fact witness depositions. Even before the Fifth Circuit's decision, counsel for Defendant Marquardt began asking Plaintiffs' counsel for a date to conduct Michael Bynum's deposition. *See* Exhibit B, Declaration of Julie Ford. However, Plaintiffs' lead counsel withdrew, then the next set of Plaintiffs' counsel

withdrew, and Plaintiffs' new counsel appeared on May 11, 2022, and May 23, 2022. [Dkt. 235, 238]  Marquardt's counsel was finally allowed to take Michael Bynum's deposition on June 8, 2022.

Marquardt now seeks leave to file his First Amended Answer.  Pursuant to the current scheduling order signed by the Court, the deadline for defendant to file amended pleadings is 195 days from the Fifth Circuit's ruling, which is August 28 (counting from the February 14, 2022, order on motion for rehearing) or September 19 (counting from the March 8 mandate).

The purpose of this amended pleading is to allege specific facts in support of Marquardt's claim that Michael Bynum did not own the copyright to Whit Canning's article at the time of the alleged infringement, and Plaintiffs therefore lack standing to maintain this action.  Those same circumstances also give rise to Marquardt's claim that Bynum's copyright registration is invalid.  The amended pleading also asserts the defense of failure to mitigate alleged actual damages based largely on facts ascertained through Bynum's deposition.

The First Amended Answer also sets out in detail facts that will establish that Marquardt's individual actions cannot support liability for copyright infringement or DMCA violations.  Those same facts support Marquardt's individual defenses of "fair use," "innocent violation," and qualified immunity.

Plaintiffs' most recent counsel have indicated they need additional time to take discovery in this case. Marquardt does not oppose further amendments to the scheduling order to permit additional discovery. (Shortly before Plaintiffs' prior counsel withdrew, the parties had agreed to amend the current scheduling order, and Marquardt filed an unopposed motion to that effect on April 27, 2022 [Dkt. 233], which has not been entered by the Court.)

## II.     Discussion

Under the Federal Rules, courts should freely grant parties leave to amend their pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Rule 15(a) evinces a bias in favor of granting leave to amend. *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). As a result, absent a "substantial reason," a court should not deny a motion for leave to amend. Substantial reasons may be undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies or undue prejudice to the opposing party. *Id.*

No such "substantial reason" exists in this case. This is Marquardt's first amended answer. Discovery in this case was delayed until the outcome of Plaintiffs' claims against Texas A&M on appeal was known. That did not occur until February 14, 2022. Since February 2022, Marquardt's counsel diligently pursued discovery, starting with Michael Bynum's deposition, which did not occur until June 8, 2022 because Plaintiffs' counsel changed twice between February and May.

DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER – PAGE 4

Plaintiffs' new counsel has indicated they need additional time to take discovery. Marquardt's counsel has agreed to an extension of discovery deadlines for whatever time Plaintiffs' believe is reasonably necessary.

There has been no undue delay, and the amended answer creates no undue prejudice or unwarranted burdens on Plaintiffs.

### III.   Conclusion.

For the reasons set forth herein, Defendant Brad Marquardt respectfully requests the Court grant his motion for leave to amend pleadings and consider the first amended answer attached hereto as Exhibit A

Dated:  August 9, 2022.                              Respectfully submitted,

                                                                                    /s/ Julie A. Ford_____
                                                                                    Julie A. Ford
                                                                                    SBN: 07240500
                                                                                    Jford@gbkh.com
                                                                                    GEORGE BROTHERS KINCAID & HORTON, LLP
                                                                                    114 W. 7th Street, Suite 1100
                                                                                    Austin, Texas 78701
                                                                                    Tel: 512-495-1448
                                                                                    Fax: 512-499-0094
                                                                                    **Attorney for Defendant Brad Marquardt**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiffs' counsel Warren Norred and Stephen Doniger by email on August 2, 4 and 8, 2022, but counsel could not agree about the disposition of this motion for leave. Specifically, Plaintiffs' counsel opposes the addition of a pleading of "innocent violation" pursuant to the DMCA, 17 U.S.C. § 1203(b)(5) (*see* ¶ 186 of the First Amended Complaint) and the request for attorneys' fees under the DMCA (*see* ¶ 190).

*/s/ Julie A. Ford*_____
Julie A. Ford

## CERTIFICATE OF SERVICE

I certify that on August 9, 2022, the foregoing document was electronically submitted with the Clerk of Court for the United District Court, Southern District of Texas, using the electronic case filing system of the Court, and served on the attorneys of record via same.

Warren V. Norred
Norred Law, PLLC
515 E. Border Street
Arlington, Texas 76010

Stephen M. Doniger
Doniger/Burroughs
603 Rose Avenue
Venice, California 90291

*Attorneys for Plaintiffs Michael J. Bynum and Canada Hockey, LLC d/b/a Epic Sports*

*/s/ Julie A. Ford*_____
Julie A. Ford