UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL J. BYNUM and CANADA HOCKEY LLC d/b/a EPIC SPORTS, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD MARQUARDT, JASON COOK, MATT CALLAWAY, MATT SIMON, and KRISTA SMITH, <br><br> Defendants. | No. 4:17-cv-00181 <br> Hon. Andrew S. Hanen <br><br> OPPOSED |

## MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) & (c), Plaintiffs Michael J. Bynum ("Bynum") and Canada Hockey LLC doing business as Epic Sports ("Epic Sports") (collectively "Plaintiffs"), move the Court for leave to file the attached second amended complaint against Brad Marquardt, Jason Cook, Matt Callaway, Matt Simon, and Krista Smith, all in their individual capacities (collectively, "Defendants"). This amendment is warranted in light of information that has been learned and discovered during the pendency of this litigation. Undersigned counsel has conferred by email with counsel for Defendant Marquardt, and counsel were not able to agree on a disposition of this motion.

As further grounds for this motion, Plaintiffs state as follows:

### BACKGROUND

This copyright case commenced in 2017, based on acts of infringement against Plaintiffs'

1

*12th Man* book and its key component — the Gill Biography — that occurred primarily in 2014. [Doc. 1, Original Complaint.] Since then, the case as originally constructed was severed, with the case against Texas A&M et al. separate from the case against Defendant Marquardt. [Doc. 180, Order Severing Defendants.] Following Federal Rule of Civil Procedure 12 motion practice, both severed pieces of the case went up on appeal on separate tracks — No. 20-20530 (Marquardt) and No. 20-20503 (Texas A&M et al.). The Fifth Circuit then issued decisions in both appeals on September 8, 2021; a decision on rehearing was issued on January 26, 2022, in the Marquardt appeal, and a decision on rehearing was issued on March 8, 2022, in the Texas A&M et al. appeal. [Docs. 226 & 232, Fifth Circuit Decisions on Rehearing.] The U.S. Supreme Court then issued a denial of Plaintiffs' writ of certiorari on October 3, 2022. [Doc. 247, Denial of Certiorari.]

In the interim, among other events, on September 18, 2019, the Court stayed the entire case, pending the outcome of the Supreme Court's decision in *Allen v. Cooper*. [Doc. 111, Order Staying Case.] On January 3, 2020, the Court lifted the stay for the sole purpose of taking the deposition of Whit Canning, who was the author of the Gill Biography within the *12th Man* book. [Doc. 117, Order Lifting Stay for Purpose of Deposing Whit Canning.] Undersigned counsel has communicated with counsel for Defendant Marquardt about setting his deposition in the first half of December, but as of yet, Defendant Marquardt has not been deposed.

The Court entered the current Amended Scheduling Order on August 22, 2022, setting November 23, 2022, as the deadline to add new parties. [Doc. 246, Amended Scheduling Order.]

## ARGUMENT

Under the Federal Rules of Civil Procedure, courts should freely grant parties leave to amend their pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). "The policy of the federal

2

rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Rule 15(a) "evinces a *bias in favor of granting leave to amend.*" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (emphasis added). Absent a "substantial reason" such as "undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party," district courts are generally required to entertain the presumption in favor of granting leave to amend. *Id.*

Claims against new defendants relate back to the filing of the original complaint where, as here, the "party to be brought in by amendment . . . (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c).

Additionally, "[w]hile causes of action generally accrue 'when a wrongful act causes some legal injury, even if the fact of the injury is not discovered until later, and even if all resulting damages have not yet occurred,' several equitable tolling doctrines may defer the accrual of a claim." *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 264 (5th Cir. 2014) In the copyright context, "the discovery rule . . . appl[ies] to . . . infringement claims." *Id.* This means that a "claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based." *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014) (cleaned up).

Overall, no "substantial reason" to deny the amendment exists, and this Court should therefore grant Plaintiffs' motion.

I.   **Plaintiffs Have Not Unduly Delayed**

Plaintiffs have not engaged in any undue delay in filing this request for leave to amend. Indeed, the present motion is timely filed within the Court's deadline to seek leave to add new parties, approximately 7 weeks after the Supreme Court issued a denial of Plaintiffs' writ of certiorari in the companion case against Texas A&M et al., more than three months before the discovery cutoff, and approximately ten months before the current trial setting. The sole purpose of this amendment is to clarify the claims against the responsible parties, based on information that was discovered and learned in this litigation, including importantly information revealed in Texas A&M's document productions in late 2021 and early 2022, Defendant Marquardt's document productions and interrogatory answers, which were served on August 23, 2021, and Defendant Marquardt's Amended Answer, which was filed on October 26, 2022. [Doc. 251, Amended Answer.]

Moreover, in the Fifth Circuit, mere delay alone is insufficient to deny leave to amend; for denial to be warranted, the delay must prejudice the nonmoving party or impose unwarranted burdens on the court. *Mayeaux*, 376 F.3d at 427; see also *Dussouy*, 660 F.2d at 598 ("Amendment can be appropriate as late as trial or even after trial."). Here, no such prejudice or burden will result, as Plaintiffs' proposed amended pleading merely clarifies the facts and allegations regarding its earlier claims, with new information about injuries caused by specific acts carried out by the new Defendants. *See Dussouy*, 660 F.2d at 599 (finding no substantial prejudice would result from granting leave where the defendant's conduct challenged in the amended pleading was essentially the same as that of the initial pleading, and the defendant thus had adequate notice of the issues). Although the amendment adds direct copyright infringement and DMCA claims against

Defendants Callaway, Cook, Simon, and Smith, the essence of such claims have been part of the basis of Plaintiffs' claims throughout this case. The core of the case with respect to Defendant Marquardt remains the same, and because he has not yet even been deposed, no prejudice will result from defending against this amended complaint. As for Defendants Callaway, Cook, Simon, and Smith, because their roles in the infringements at issue in this case were concealed from Plaintiffs until 2021, allowing claims to be brought against them now is appropriate and just.

## II.     The Claims Against the New Defendants Relate Back to the Filing of the Original Complaint

Rule 15(c) provides that an amendment relates back to the original complaint when, in addition to meeting certain other requirements, "the amendment changes the party or the naming of the party against whom a claim is asserted" and "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." This rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). Here, Defendants Callaway, Cook, Simon, and Smith would have been included in the original filing were it not for a mistake in identifying the responsible parties.

Originally, Plaintiffs brought claims against Texas A&M, along with natural persons Alan Cannon and Lane Stephenson. [Doc. 1, Original Complaint; Doc. 15, Amended Complaint.] As reflected by the Fifth Circuit's opinion on the matter, the "allegations" in the prior complaints "d[id] not support the reasonable inference that Cannon directly infringed the copyright" because "Marquardt did the actual recopying." [Doc. 232, Fifth Circuit Decision on Rehearing, at 20–21.] But this was all only because *Plaintiffs did not know about the direct roles played by Defendants*

5

*Callaway, Simon, Cook, and Smith.* Instead, Plaintiffs were under the apparently mistaken impression that the relevant actors and decision-makers with respect to the infringements were Cannon and Stephenson. If Plaintiffs had known about the new defendants' direct roles when Plaintiffs filed the Original Complaint on January 19, 2017, or the Amended Complaint on April 17, 2017, Plaintiffs would have added those defendants.

Indeed, the crystallization of those defendants' roles came to light through discovery in this case and, most recently, through Defendant Marquardt's Amended Answer. Indeed, *Texas A&M produced more than 1,600 pages of documents on November 30, 2021, December 2, 2021, and January 14, 2022*, reflecting the direct and contributory infringements committed by Defendants Callaway, Simon, Cook, and Smith. Through this discovery, for example, Plaintiffs were able to determine that, as of January 17, 2014, Defendant Smith and Defendant Callaway orchestrated the plan that involved pushing out the altered and infringing Gill Biography. [*See* Exhibit J to Proposed Second Amended Complaint.] Additionally, Plaintiffs learned that Defendants Callaway, Simon, Cook, and Smith were immediately notified when Bynum first raised his concerns with Alan Cannon and Defendant Marquardt on January 22, 2014. [*See* Exhibit L to Proposed Second Amended Complaint.] The only reason for Defendants Callaway, Simon, Cook, and Smith to be immediately notified of Bynum's concerns is clear: those are the same individuals who were actually responsible for the copying, displaying, distributing, and publishing of the altered and infringing copy of the Gill Biography.

Likewise, in Defendant Marquardt's interrogatory answers, served on August 23, 2021, Plaintiffs learned contemporaneously with the information provided in Texas A&M's document productions that Marquardt "was aware that Matt Callaway, a colleague in the media relations

department, was interested in using the [Gill Biography] as part of an effort to highlight and celebrate A&M's 12th man tradition." [Exhibit P to Proposed Second Amended Complaint, Interrogatory Answer No. 6.] In addition, Plaintiffs learned in these interrogatory answers that the "final decision to post on the Athletic Department website would have been made by Jason Cook." [*Id.* at No. 7.] Moreover, Defendant Marquardt confirmed in the interrogatory answers that "[o]ther information on the cover sheet [of the Gill Biography] – the author and date – were obviously communicated to the individuals involved in posting of the Canning Article on the website (including Matt Callaway and webmaster Matt Simon)," thereby circumstantially supporting essential elements of knowledge and intent both for Defendants Marquardt, Callaway, and Simon, and for downstream infringers like Defendants Cook and Smith. [*Id.* at No. 20.]

Consistent with this information that was revealed for the first time in 2021, by way of Defendant Marquardt's Amended Answer filed on October 26, 2022, Plaintiffs learned that Defendant Callaway edited the altered and infringing copy of the Gill Biography; that Defendant Simon is the individual who added the phrase "special to Texas A&M Athletics" to the altered and infringing copy of the Gill Biography; that Defendant Simon is the individual who actually posted the altered and infringing copy of the Gill Biography on the Athletic Department website; that Defendant Cook is the individual who made the decision to post the altered and infringing copy of the Gill Biography on the Athletic Department website; that Defendant Callaway actually sent out the Tweets containing the link to the altered and infringing copy of the Gill Biography; and that Defendant Smith is the individual who included the headline and the link to the altered and infringing copy of the Gill Biography in the *TAMU Times*. [*See* Proposed Second Amended Complaint, ¶¶ 43–64; Doc. 251, Defendant Marquardt's Amended Answer.] All of this

information was in the control of Texas A&M and Defendant Marquardt, and Plaintiffs had no way of accessing it until they received this discovery and Defendant Marquardt's Amended Answer.

Moreover, Defendants Callaway, Simon, Cook, and Smith knew or should have known that they would be defendants in this action. As noted above, Defendants Callaway, Simon, Cook, and Smith were immediately notified when Bynum first raised his concerns with Alan Cannon and Defendant Marquardt on January 22, 2014. [*See* Exhibit L to Proposed Second Amended Complaint.] Given their central and direct roles in the infringements, all Defendants knew or should have known that they would be brought into eventual litigation.

After the filing of the original complaint in January 2017, notice of this litigation was clearly spread throughout the relevant Texas A&M community by way of an email from one of the administrative assistants:

```
Message
From:          Jackie Thornton [/O=ATHLETICSMAIL/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=JACKIET]
Sent:          1/23/2017 4:47:38 PM
To:            External Operations [/O=ATHLETICSMAIL/OU=First Administrative Group/cn=Recipients/cn=External Operations];
               Evan Roberts [/O=ATHLETICSMAIL/OU=EXCHANGE ADMINISTRATIVE GROUP
               (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Evan Roberts120]
CC:            Dave South [/O=ATHLETICSMAIL/OU=First Administrative Group/cn=Recipients/cn=dsouth]; 'Bill Byrne'
               [cwbyrnejr@gmail.com]; Colin Killian (Ckillian@cstx.gov) [Ckillian@cstx.gov]
Subject:       Monday, January 23, 2017 News
Attachments:   Book editor sues Texas A&M for copyright violation on original 12th Man arti.pdf; College Sports_ NFL Draft central_
               Myles Garrett, Pat Mahomes, D'Onta Forema.pdf; Texas A&M edges Georgia after odd ending - Houston
               Chronicle.pdf
```

Texas A&M Sports News & Upcoming Events

1. Texas A&M edges Georgia after odd ending
   http://www.chron.com/sports/aggies/article/Texas-A-M-edges-Georgia-after-odd-ending-10874040.php

2. No. 25 Texas A&M rallies in win over Lady Tigers
   https://sportsnola.com/no-25-texas-rallies-win-lady-tigers/

3. Aggie women cap comeback-filled weekend with 54-52 victory against LSU
   http://www.theeagle.com/aggie_sports/aggie-women-cap-comeback-filled-weekend-with---
   victory/article_ddb8f89e-e130-11e6-81e0-e75757cb8b04.html

4. No clock, no problem: Aggies' furious rally, game clock malfunction result in wild 63-62 win over Georgia
   http://www.theeagle.com/aggie_sports/no-clock-no-problem-aggies-furious-rally-game-clock-
   malfunction/article_e499cd00-e06d-11e6-ab35-abf6e6a2214c.html

5. Stunning turnaround against Bulldogs gives Texas A&M men much-needed victory
   http://www.theeagle.com/aggie_sports/stunning-turnaround-against-bulldogs-gives-texas-a-m-men-
   much/article_6592ad4a-e06f-11e6-9087-57da1dad6780.html

6. Texas A&M men, women sweep team titles at Aggie Invitational
   http://www.theeagle.com/aggie_sports/texas-a-m-men-women-sweep-team-titles-at-aggie/article_7a035a4c-e072-
   11e6-8cb6-9f587a50c792.html

7. NFL Draft central: Myles Garrett, Pat Mahomes, D'Onta Foreman highlight Texas college players on 2017 board
   http://sportsday.dallasnews.com/college-sports/collegesports/2017/01/22/nfl-draft-central-myles-garrett-pat-
   mahomes-donta-foreman-highlight-texas-college-players-2017-board?f=r

8. Three takeaways from Texas A&M's 63-62 win over Georgia: A stopwatch decided the Aggie win, a new crunch
   time guy for A&M revealed himself
   http://sportsday.dallasnews.com/college-sports/texasamaggies/2017/01/21/texas-am-vs-georgia-basketball-live-
   updates?f=r

9. Football signing day: Still crazy after all these years
   http://www.star-telegram.com/sports/spt-columns-blogs/gil-lebreton/article128149044.html

10. Aggies mount 15 point comeback to defeat LSU at Reed
    http://www.thebatt.com/sports/aggies-mount-point-comeback-to-defeat-lsu-at-reed/article_e17b2a2c-e128-11e6-
    98a0-b74449243e70.html

11. Aggie men's basketball pulls off huge 63-62 comeback over Georgia

TAMU 000133

Defendants therefore received notice of this action and, at the time, knew or should have known that they would be brought into the litigation were it not for the original complaint's mistakenly identifying only Alan Cannon and Lane Stephenson as the wrongdoers along with Defendant Marquardt, instead of Defendants Callaway, Simon, Cook, and Smith.

Furthermore, given the identity of interest between and among all the new Defendants, as well as the previous defendants in this case (including Texas A&M, Alan Cannon, and Lane

Stephenson), sufficient notice was provided to the new Defendants. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the *institution of an action against one serves to provide notice of the litigation to the other*." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 374 n.8 (5th Cir. 2010) (emphasis added) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1499 (1972)). Here, clearly the institution of the action against Defendant Marquardt, Cannon, Stephenson, as well as the institution of the action against Texas A&M, would have provided notice of the litigation to Defendants Callaway, Simon, Cook, and Smith. As reflected by the emails, Defendant Marquardt's interrogatory answers, and Defendant Marquardt's Amended Answer, all these people were working in close proximity on the same plan — i.e., the promotion of the 12th man tradition. Accordingly, the Court should find as a matter of law that Defendants Callaway, Simon, Cook, and Smith were provided the requisite notice of the action.

Finally, judicial economy and party resources will be most efficiently and effectively preserved by granting Plaintiffs leave to amend. As discussed below, Plaintiffs only discovered the facts establishing the infringements committed by Defendants Callaway, Cook, Simon, and Smith through the early stages of discovery — primarily Defendant Marquardt's interrogatory answers and the production of documents from Texas A&M — and through Defendant Marquardt's Amended Answer. This means that the three-year statute of limitations on the particular infringements, both direct and contributory, have not yet run for Defendants Callaway, Cook, Simon, and Smith. Allowing the consolidation of all claims, including the claims against Defendants Callaway, Cook, Simon, and Smith, would be in the interests of all parties and the Court. This would avoid the prospect of splintered litigation against different defendants in

10

different proceedings, and it would instead allow the parties to deal with these issues in the same case.

### III. Under the Discovery Rule, Plaintiffs' Claims Against the New Defendants Are Timely

Courts apply the discovery rule to toll the statute of limitations for copyright infringement claims until the plaintiff knew or through reasonable diligence should have known about the infringement. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) (determining that the "three-year clock begins upon discovery of the infringement"); *Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004) (collecting cases and finding the majority of courts follow the discovery rule); *Barbour v. Head*, 178 F. Supp. 2d 758, 765 (S.D. Tex. 2001) (discussing Fifth Circuit authority and concluding that the discovery rule applies to copyright infringement claims) (citing *Daboub v. Gibbons*, 42 F.3d 285 (5th Cir. 1995) (indicating that the discovery rule likely applies to copyright infringement claims)); *see also Garden City Boxing Club, Inc. v. Johnson*, 552 F. Supp. 2d 611, 616 (N.D. Tex. 2008) (concluding that "the discovery rule is applicable to copyright infringement actions").

As set forth in the proposed second amended complaint, the relevant and actionable information regarding Defendants Callaway, Cook, Simon, and Smith was not disclosed until Defendant Marquardt served his interrogatory answers on August 23, 2021, until Texas A&M responded to the non-party subpoena with productions in late 2021 and early 2022, or until Defendant Marquardt filed his Amended Answer on October 26, 2022. Plaintiffs did not have access to this information and could not have accessed this information with the exercise of due diligence. In short, Plaintiffs had no mechanism to force Texas A&M, Defendant Marquardt, or any other person to disclose this information at earlier time. The injuries created by Defendants

were not known until 2021 because the acts and steps taken by Defendants were not known until 2021. Having initiated the initial lawsuit within 3 years of the first infringing activity, Plaintiffs should not be prejudiced by the fact that Defendant Marquardt and Texas A&M withheld this key information until 2021, while the various appeals concerning sovereign and qualified immunity made their ways up through the Fifth Circuit and to the Supreme Court. Were it not for those immunity defenses, which by their nature caused a stalling of discovery, Plaintiffs would have been able to discover this essential information much earlier in the case.

Accordingly, under the discovery rule, the claims against Defendants are timely because the statute of limitations would have been tolled until August 23, 2021, at the earliest.

## CONCLUSION

Under established Fifth Circuit precedent, Plaintiffs' motion should be granted. Plaintiffs therefore ask the Court for permission to file the Proposed Second Amended Complaint. With the Court's leave, Plaintiffs will file the Second Amended Complaint and promptly serve the new Defendants.

s/*Charles W. Prueter*
Charles W. Prueter
   *Admitted Pro Hac Vice*
FORTIF LAW PARTNERS, LLC
2021 Morris Avenue, Suite 300
Birmingham, Alabama 35203
charles@fortif.com | 205.832.9109

Warren V. Norred
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
wnorred@norredlaw.com | 817.704.3984

*Counsel for Michael J. Bynum and Canada Hockey, LLC d/b/a Epic Sports*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 23, 2022, the foregoing document was electronically submitted with the Clerk of Court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court, and served on the attorneys of record via same.

              s/*Charles W. Prueter*
              Charles W. Prueter
              FORTIF LAW PARTNERS, LLC