IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL J. BYNUM AND CANADA** | § | |
| **HOCKEY LLC d/b/a EPIC SPORTS** | § | |
| *Plaintiff* | § | |
| **v.** | § | **CIVIL NO.  4:17-cv-00181** |
| | § | |
| **BRAD MARQUARDT,** | § | |
| **in his individual capacity** | § | |
| *Defendant.* | § | |

## Defendant Brad Marquardt's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint

Plaintiffs Michael J. Bynum and Canada Hockey LLC (collectively "Bynum") ask for leave to file suit against four individuals for an alleged copyright infringement that occurred almost nine years ago.  Currently, Bynum's suit is against only one individual, Brad Marquardt. Although in theory Defendant Marquardt's interests might be served if additional defendants were brought into the suit, as explained below, Bynum's claims against those individuals are clearly barred by the statute of limitations.  For that reason, Bynum's motion for leave to bring in additional individual defendants should be denied.

## I.     Background

An article written by Whit Canning in 1998 was posted on the website of Texas A&M University's Athletic Department on January 19, 2014. [Doc. 251, p. 1-2]  Three days later, Bynum claimed that he owned the copyright to Whit Canning's article and demanded that it be taken down.  Upon receipt of Bynum's complaint, the Athletic Department immediately removed the article from its website. [Doc, 251, p. 20-21.]

Defendant Marquardt was then tasked with communicating with Bynum on behalf of the Athletic Department.  Marquardt sent Bynum an email explaining how he found the article on old yellowed paper and had a copy made for his own use.  He then sent the article to a co-worker who was looking for information about the 12th Man.  [Doc. 174-2, p. 15]

As of January 22, 2014, therefore, Bynum knew of the alleged copyright infringement and he knew that at least one of Marquardt's co-workers had been involved in the posting of Whit Canning's article.  But Bynum waited until the three year statute of limitations had almost expired before filing suit in January 2017.  Because his last minute complaint relied on unfounded guesswork, Bynum sued the wrong people.  (Individual defendants Alan Canon and Lane Stephenson have already been dismissed, along with Texas A&M University 12th Man Foundation, and Marquardt intends to show that his own actions are not actionable.)

After filing suit, Bynum was aware that he needed to take discovery in order to identify other potential defendants.  In May 2017, he advised the Court that "Plaintiffs anticipate adding additional and/or downstream infringers once they have an opportunity to conduct discovery." [Doc. 37, p. 2 (Joint Discovery/Case Management Plan)]

Two years later, on June 11, 2019, in his initial disclosures, Bynum's own lawyer identified Jason Cook as an individual likely to have discoverable information.  Marquardt's initial disclosures listed both Jason Cook and Matt Callaway as individuals likely to have discoverable information.  Marquardt's counsel also stated that emails for various custodians, including Jason Cook, had been gathered and were available for keyword searches.  *See* Exhibits A and B.

Defendant Brad Marquardt's Response to Plaintiffs' Motion
for Leave to File Second Amended Complaint – Page 2

In September 2019, the case was stayed until April 2020, a period of less than eight months. [Doc. 111 & Doc. 121]

On July 24, 2020, in a sworn statement, Marquardt again clearly stated that he was not the individual who posted the Article on the Athletic Department website.  His affidavit states, "I was asked whether I had any information about the 12th Man and in response I produced the Canning Article.  I did not instruct or authorize anyone to post the Canning Article on the internet, although I am aware that the Canning Article was posted on A&M's website." [Doc. 174-2.]

However, yet *another* year would pass before Bynum served written discovery to learn the identity of Marquardt's co-workers in the Athletic Department.  After being served with written discovery requests in July 2021, Marquardt timely responded and identified Matt Callaway, Jason Cook and Matt Simon.  *See* Exhibit C.

In sum, Bynum first waited the full three-year limitations period before filing suit in January 2017, although he knew that other unidentified individuals employed by A&M were involved in the posting.   After filing suit, Bynum failed to ask for their identities in discovery for almost 4 years (not counting the period when the case was stayed.).  Then, even after he was provided three of those names in August 2021, he waited for another year and two months before attempting to sue those individuals.

## II.    Argument

Bynum learned of the alleged copyright violation almost nine years ago.  He was aware of the existence of potential individual defendants during that entire time.  After suit was filed,

he stalled for over four years to serve discovery requests that would have provided him with that information.

In his motion for leave to file an amended complaint naming four new individual defendants, Bynum makes the following claim:

> [T]he relevant and actionable information regarding Defendants Callaway, Cook, Simon, and Smith was not disclosed until Defendant Marquardt served his interrogatory answers on August 23, 2021, until Texas A&M responded to the non-party subpoena with productions in late 2021 and early 2022, or until Defendant Marquardt filed his Amended Answer on October 26, 2022. ***Plaintiff did not have access to this information and could not have accessed this information with the exercise of due diligence. In short, Plaintiffs had no mechanism to force Texas A&M, Defendant, or any other person to disclose this information at an earlier time.***

Doc. 256, p. 11 (emphasis added).

Of course, Bynum *did* have just such a mechanism. Beginning in May 2017, Bynum always had the power to obtain this information, simply by sending discovery requests. Instead, Bynum apparently made no effort to ask for this information until July 2021.

### A.    The statute of limitations and "discovery rule."

"The Copyright Act provides that '[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued.'" *Petrella v. Metro-Goldwn-Meyer, Inc.,* __U.S.__, 134 S.Ct. 1962, 1964 (2014) (quoting 17 U.S.C. § 507(b)). A claim under the Copyright Act accrues when an infringing act occurs. *Id.* at 1969.

That rule has been modified by the courts of appeals. "Many federal appellate courts, including the Fifth Circuit, apply a 'discovery rule,' holding that a claim accrues once the plaintiff knows or, through the exercise of due diligence should have known, of the injury that

forms the basis for the Copyright Act claim." *Alfa Laval Inc. v. Flowtrend, Inc.*, No. H-14-2597, 2016 WL 2625068 at *5 (S.D. Tex. May 9, 2016) (citing *Petrella,* 134 S.Ct at 1969, n. 4). "[A] cause of action for copyright infringement arises when a party has knowledge of the violation or notice of facts that, in the exercise of due diligence, would have led to such knowledge." *Dynastudy, Inc. v. Houston I.S.D.*, No. H-16-1442, 2018 WL 11358474 at *2 (S.D. Tex. Oct. 10, 2018) (slip op.) (quoting *PAR Microsystems, Inc. v. Pinnacle Dev. Corp.,* 105 F.3d 656 (5th Cir. 1996) (unpublished).

As of January 22, 2014, Bynum had knowledge of the copyright violation.  If Bynum has a cause of action, it accrued on that date.  (Marquardt intends to show that Bynum has no claim at all because Bynum did not own the copyright at the time of the violation.  *See* Doc. 251, p. 28 - 36.)  Also, as of January 22, 2014, Bynum had notice that others employed at A&M were involved in the posting of the article.  On the face of Bynum's pleadings, it is clear that he failed to exercise due diligence in obtaining the names of those individuals.

**B.      The Court has discretion to deny leave to amend.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The court has discretion to deny Bynum's motion if there is "substantial reason to deny leave to amend."  *Stripling v Jordan Prod. Co.,* LLC, 234 F.3d 863, 872 (5th Cir. 2000).   "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

futility of amendment." *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.),* 88 F.3d 311, 315 (5ᵗʰ Cir. 1996) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)).

It is within a court's discretion to deny a motion to amend if it is futile. *Stripling,* 234 F.3d at 872-73. The Fifth Circuit interprets the term "futility" to mean that the amended complaint would fail to state a claim upon which relief could be granted. *Id.* at 873. In determining futility, the Fifth Circuit applies the same standard of legal sufficiency as applies under Rule 12 (b)(6). *Id.*

A complaint is subject to dismissal under Rule 12 (b)(6) where the allegations demonstrate that the action is barred by the applicable statute of limitations. *Abdallah v. Bain Capital LLC,* 752 F.3d 114 (1ˢᵗ Cir. 2014); *Ott v. Md. Dep't of Public Safety & Corr. Servs.,* 909 F.3d 655, 658 (4ᵗʰ Cir. 2018); *Rife v. One W. Bank, F.S.B.,* 873 F3d 17, 19 (1ˢᵗ Cir. 2017). Even where the plaintiff claims an equitable tolling of limitations, dismissal is proper where there is no factual predicate that would provide the basis for tolling the statute of limitations. *Rife,* 873 F3d at 19; *Abdallah,* 752 F3d at 119. In this case, Bynum has failed to plead any factual predicate that would toll the Copyright Act's three year limitation period or otherwise demonstrate that his cause of action against the new defendants accrued within the past three years.

The futility of the amendment is obvious. If these four individuals are sued, they will obtain a dismissal. Justice does not require that these defendants be pulled into this litigation, forced to obtain counsel and go through that process when Bynum has failed to plead facts that would toll the three-year limitations period.

Rule 15(a) includes the phrase "when justice so requires."  Marquardt has been living with this lawsuit hanging over him since January 2017.  Now, almost six years later, Bynum seeks to sue Marquardt's co-workers and former boss, which means that they too, will be subjected to the inconvenience and worry of being sued personally, at least until their claims are dismissed.   It is hard to see how "justice requires" that Bynum be permitted to do this.

## III.  Conclusion

In some situations, having additional defendants brought into the action might be a advantage to an existing defendant.  But here, where it is clear those additional defendants will be dismissed long before trial, the entire exercise is futile.  Marquardt respectfully asks that the Court exercise its discretion and deny Bynum's attempt to sue those individuals.


Dated:  December 8, 2022.                    Respectfully submitted,


                                        By:  */s/ Julie A. Ford*_____
                                             Julie A. Ford
                                             SBN:07240500
                                             Jford@gbkh.com
                                             GEORGE BROTHERS KINCAID & HORTON, LLP
                                             114 W. 7th Street, Suite 1100
                                             Austin, Texas 78701
                                             Tel: 512-495-1448
                                             Fax: 512-499-0094
                                             ***Attorneys for Defendant Brad Marquardt***

Defendant Brad Marquardt's Response to Plaintiffs' Motion
for Leave to File Second Amended Complaint – Page 7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 8, 2022, the foregoing document was electronically submitted with the Clerk of Court for the United District Court, Southern District of Texas, using the electronic case filing system of the Court, and served on the attorneys of record via same.

Charles W. Prueter (*pro hac vice*)
Fortif Law Partners, LLC
2021 Morris Avenue, Suite 300
Birmingham, Alabama 35203
charles@fortif.com

Warren V. Norred
Norred Law, PLLC
515 E. Border Street
Arlington, Texas 76010
wnorred@norredlaw.com

*Attorneys for Plaintiffs Michael J. Bynum and Canada Hockey, LLC d/b/a Epic Sports*

*/s/ Julie A. Ford*
Julie A. Ford