## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL J. BYNUM and CANADA HOCKEY LLC d/b/a EPIC SPORTS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **No. 4:17-cv-00181** |
| | ) | **Hon. Andrew S. Hanen** |
| **BRAD MARQUARDT, JASON COOK, MATT CALLAWAY, MATT SIMON, and KRISTA SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Michael J. Bynum and Canada Hockey LLC, doing business as Epic Sports, urge the Court to grant their Motion for Leave to File the Second Amended Complaint against Brad Marquardt, Jason Cook, Matt Callaway, Matt Simon, and Krista Smith [Doc. 256]. In short, the Court should allow the "new" defendants — Cook, Callaway, Simon, and Smith — to put up their own defenses in the ordinary course, after they have been served. Defendant Marquardt has no statute of limitations defense; he has been in the case since the beginning. (Nor does he have standing to raise any other defense on behalf of the new defendants.) Yet Defendant Marquardt opposes the Motion largely on a statute of limitations theory, arguing that Plaintiffs "stalled for over four years to serve discovery requests." [Response, Doc. 258, at 4.] Not so.

As set forth in the Motion, Plaintiffs discovered the key information that revealed the new defendants' conduct — and therefore established the particular harms they inflicted and the

violations they committed — only once the parties engaged in earnest discovery. Indeed, contrary
to Defendant Marquardt's narrative of things, the parties held off on discovery until mid-2021 as
Defendant Marquardt's and Texas A&M's appeals were winding their ways through the Fifth
Circuit and, in Defendant Marquardt's case, back to this Court. This reality first manifested
following the Court's certification of Defendant Marquardt's appeal as frivolous, when on March
2, 2021, the parties *jointly* moved for abatement of the then-existing scheduling order:

> [T]he parties have agreed to engage in settlement discussions over the next 14 days,
> with the expectation that on or before March 16, 2021, the parties will either notify
> the Court that a mediation has been scheduled and seek an additional abatement, or
> provide the Court with a proposed revised scheduling order.

[Joint Motion for Abatement of Scheduling Order, Doc. 199, at 2.] There is no sign that either side
engaged in meaningful discovery, given the parties' joint representation to the Court that they
sought an abatement of the proceedings to mediate the case.

True to the plan, the parties updated the Court on March 16, 2021, and requested another
extension of the effective freeze:

> [T]he parties respectfully request an additional abatement of the scheduling order,
> with the expectation, that on or before April 8, 2021, the parties will file a status
> report notifying the Court of their settlement or provide the Court with a proposed
> revised scheduling order.

[Joint Status Report, Doc. 202, at 1.] But the mediation then was canceled, and on April 15, 2021,
the parties informed the Court about their plan to put a new plan in place:

> [T]he parties are still conferring with respect to the Proposed Amended Scheduling
> Order and intend to file their Amended Scheduling Order with the Court as soon
> as Plaintiff retains new counsel.

[Notice, Doc. 206, at 1.] Then, pursuant to the parties' joint motion, the Court entered an
Amended Scheduling Order on July 7, 2021, providing that the "*parties will initiate paper discovery*

*immediately.*" [Doc. 221, at 1 (emphasis added).] It makes sense for the parties to have "initiate[d]" paper discovery only if paper discovery had not yet begun.

Defendant Marquardt then served his interrogatory answers on August 23, 2021, and Texas A&M produced more than 1,600 pages of documents on November 30, 2021, December 2, 2021, and January 14, 2022. Plaintiffs base the allegations against the new defendants upon the revelations contained in those discovery responses, as well as the information contained in Defendant Marquardt's Amended Answer, filed on October 26, 2022. Given the state of play following the appeals and the parties' and the Court's efforts to facilitate a mediation of the case and an abatement of the scheduling order, Plaintiffs' conduct makes good sense. Simply put, Plaintiffs cannot be charged with the responsibility to *ram through discovery* when everyone was coordinating an effort to *put off discovery*. If Plaintiffs had propounded and pushed discovery earlier in the case, the other parties and the Court likely would have seen such conduct on Plaintiffs' part not as "due diligence" but as boorish and inappropriate litigation behavior considering the dynamics that had unfolded prior to mid-2021.

Plaintiffs did the right thing by moving forward diligently in mid-2021. And now, having discovered the new infringements and violations committed by the new defendants, Plaintiffs seek leave to amend the complaint and add the new defendants. *See, e.g.*, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014) (under the discovery rule, the limitations period starts when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim"). Thus, the application of the discovery rule overcomes any potential statute of limitations defense. And if any such defense is to be raised, it must be raised by the new defendants, not Defendant Marquardt, to ensure the appropriate presentation of the issues. *See,*

*e.g.*, *United States v. Windsor*, 570 U.S. 744, 761 (2013) (elevating the importance of the "sharp adversarial presentation of the issues").

## **CONCLUSION**

Plaintiffs therefore urge the Court to grant permission to file the Proposed Second Amended Complaint. With the Court's leave, Plaintiffs will file the Second Amended Complaint and promptly serve the new Defendants.

s/*Charles W. Prueter*
Charles W. Prueter
        *Admitted Pro Hac Vice*
FORTIF LAW PARTNERS, LLC
2021 Morris Avenue, Suite 300
Birmingham, Alabama 35203
charles@fortif.com | 205.832.9109

Warren V. Norred
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
wnorred@norredlaw.com | 817.704.3984

*Counsel for Michael J. Bynum and Canada
Hockey, LLC d/b/a Epic Sports*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, the foregoing document was electronically submitted with the Clerk of Court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court, and served on the attorneys of record via same.

s/*Charles W. Prueter*
Charles W. Prueter
FORTIF LAW PARTNERS, LLC