United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANADA HOCKEY LLC; dba EPIC SPORTS, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-181 |
| | § | |
| BRAD MARQUARDT, in his individual capacity, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiffs Michael J. Bynum ("Bynum") and Canada Hockey LLC doing business as Epic Sports' ("Epic Sports") (collectively "Plaintiffs") Motion for Leave to File a Second Amended Complaint. (Doc. No. 256). Defendant Brad Marquardt ("Marquardt" or "Defendant") filed a Response (Doc. No. 258), and Plaintiffs filed a Reply. (Doc. No. 259). After considering the motions and the law, the Court denies Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Doc. No. 256).

## I. Background

This is a copyright infringement case. Plaintiff Bynum pleads that he owns the copyright to an article that was posted, without his permission, on the website of the Texas A&M University's Athletic Department. The article was allegedly posted by Marquardt on January 19, 2014. Bynum discovered the alleged infringement on January 21, 2014, and requested the Athletic Department remove the article. After Bynum complained, the Athletic Department immediately removed the article from its website.

Plaintiffs filed their lawsuit on January 19, 2017, just days before the statute of limitations would have barred the action. The Original Complaint asserted various copyright infringement

1

claims against Texas A&M University Athletic Department, Texas A&M University 12th Man Foundation, Marquardt, Alan Cannon, and Lane Stephenson. (*See* Doc. No. 1). In March 2019, the Court dismissed Plaintiffs' claims against Texas A&M Athletic Department, Texas A&M University 12th Man Foundation, Cannon, and Stephenson, leaving Marquardt as the sole Defendant. (Doc. No. 96).

Plaintiffs now ask the Court to allow them leave to file a Second Amended Complaint. (Doc. No. 256). Plaintiffs want to amend the complaint to add three additional defendants: Jason Cook ("Cook"), Matt Callaway ("Callaway"), Matt Simon ("Simon), and Krista Smith ("Smith"). Defendant Marquardt contests the motion.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so required. Fed. R. Civ. P. 15. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying an opportunity to amend, however, is ultimately within the discretion of the district court. That said, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

## III. Discussion

There are several reasons it would be inappropriate to allow Plaintiffs an opportunity to amend their Complaint at this late date. The Court will briefly discuss each reason.

First and foremost, it should be noted that Plaintiffs waited years to conduct discovery and seek to add additional defendants. As discussed, Plaintiffs commenced this case in January 2017, years after the actual event. While the case was stayed for a short period (eight months), Plaintiffs had several years before the stay was implemented to conduct discovery. (Doc. No. 111).[1] Plaintiffs apparently chose not to conduct the necessary discovery until four years after filing the case. This conduct constitutes undue delay.

There is also another reason the Court denies the Motion for Leave to File a Second Amended Complaint—any claims against Cook, Callaway, Simon, and Smith would be futile due to the applicable statute of limitations. Plaintiffs argue the Court "should allow the 'new' defendants—Cook, Callaway, Simon, and Smith—to put up their own defenses." (Doc. No. 259 at 1). Plaintiffs propose that Marquardt has no standing to raise a statute of limitation defense on behalf of the "new defendants." (Doc. No. 259 at 1). Contrary to Plaintiffs assertions, the Fifth Circuit recognizes that district courts should consider whether a claim against a new party would be futile when considering whether to grant a motion for leave to amend. *See Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) ("A district court does not abuse its discretion in denying leave where claims against new defendants are barred by the statute of limitations.").

A copyright infringement action must be filed within three years of accrual. 17 U.S.C. § 507(b). The Fifth Circuit uses the discovery rule to determine accrual of a copyright infringement cause of action, meaning such claims accrue when there is actual or constructive discovery of the relevant infringement. *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014) (citing *Jordan v. Sony BMG Music Entm't Inc.*, 354 Fed.Appx. 942, 945 (5th Cir. 2009)).

---

[1] The Court notes that even during the period when the case was stayed pending the Supreme Court's ruling in *Allen v. Cooper*, No. 18-877, 2010 WL 134012 (U.S. June 3, 2019), the Court allowed discovery on a showing of good cause. (Doc. No. 117).

3

As mentioned, Bynum discovered the alleged infringement on January 22, 2014—when he demanded that the Texas A&M University's Athletic Department take down the article. Accordingly, Bynum had until January 22, 2017, to timely assert his copyright claims. Plaintiffs did not name Cook, Callaway, Simon, and Smith as Defendants until November 2022, more than four years after the limitations period had expired. The only grounds Plaintiffs offer for their failure to assert timely claims against Cook, Callaway, Simon, and Smith is that the information "came to light through discovery." (Doc. No. 256 at 6). This reason is insufficient to allow leave to file a motion to amend. *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (Court denied Plaintiff's motion for leave to amend where "Appellants did not seek leave to add [defendants] until [after the statute of limitations passed]. The only grounds Appellants gave for their failure to do so is that Appellants 'did not know the identities' … until conducting discovery").

Nonetheless, Plaintiffs contend the claims against Cook, Callaway, Simon, and Smith should relate back to the filing of the Original Complaint under Rule 15(c). (Doc. No. 256 at 5). Plaintiffs argue relation back is proper because the "new defendants" "received notice of [the] action and, at the time, knew or should have known that they would be brought into the litigation were it not for the original complaint's mistakenly identifying only Alan Cannon and Lane Stephenson as the wrongdoers." (Doc. No. 256 at 9).

Rule 15(c), however, requires "a *mistake* concerning the identify of a party." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019). "Failing to identify individual defendants cannot be characterized as a mistake." *Id.* Therefore, the claims do not relate back under Rule 15(c).

4

## IV. Conclusion

For the aforementioned reasons, the Court **DENIES** Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Doc. No. 256).

Signed at Houston, Texas, this 5th day of April, 2023.

Andrew S. Hanen
United States District Judge