IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. BYNUM AND CANADA HOCKEY LLC d/b/a EPIC SPORTS, | § § § § § | |
| PLAINTIFFS, | § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-00181 |
| BRAD MARQUARDT, in his individual capacity, | § § § § | |
| DEFENDANT. | § § § | |

**DEFENDANT BRAD MARQUARDT'S
RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Brad Marquardt ("Defendant" or "Marquardt") submits the following Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In support thereof, Defendant would show as follows:

**I.     STATEMENT OF ISSUES TO BE RULED ON BY THE COURT**

1.     Pursuant to Sections 101.106(a) and (f) of the Texas Tort Claims Act, should Plaintiffs' copyright claims against Marquardt be dismissed where (i) Plaintiffs filed claims against a governmental unit regarding identical subject matter, (ii) Marquardt is an employee of that governmental unit, and (iii) the claims against Marquardt relate to actions taken within the scope of his employment?

**II.     SUMMARY OF THE ARGUMENT**

2.     Plaintiffs' copyright claims against Marquardt sound in tort. Accordingly, the Texas Tort Claims Act ("TTCA") applies to Plaintiffs' suit. Under the TTCA's election of remedies provision, a plaintiff can sue *either* a governmental unit *or* its employees. Not both. The TTCA

1

makes clear that filing suit against a governmental unit, as was done in this case, "constitutes an irrevocable election by the plaintiff and immediately and *forever bars* any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a) (emphasis added).  A different subsection of the same statute mandates dismissal when a government employee is sued for actions within the course and scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f).

3. Here, there is no dispute that Plaintiffs originally filed suit against a governmental unit (Texas A&M's Athletics Department), in addition to Marquardt and other employees, regarding the same subject matter. *See* Dkt. 1 (original complaint); Dkt. 15 (first amended complaint). Therefore, Plaintiffs made their "irrevocable election" and the claims against Marquardt are "forever bar[red.]" TEX. CIV. PRAC. & REM. CODE § 101.106(a).

4. In addition to Plaintiffs' fatal election of remedies in this case, subsection (f) of the same statute also mandates dismissal of a suit against a governmental employee acting within the course and scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f).[1] Plaintiffs have alleged, and it is undisputed, that Defendant Marquardt was a governmental employee acting within the course and scope of his employment. For these reasons, more fully set out below, Marquardt respectfully requests that this Court dismiss Plaintiffs' claims with prejudice.

---

[1] Marquardt and the other originally named government employees raised TEX. CIV. PRAC. & REM. CODE § 101.106 previously in their motion to dismiss under FED. R. CIV. P. 12(b)(6), but the statute was not addressed by the Court in its order dismissing all defendants except Marquardt. *See* Dkt 34, at 7-11 (motion to dismiss); Dkt 96 (order granting in part and denying in part motion to dismiss).

### III.  LEGAL STANDARD

5. A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c).[2] Rule 12(c) provides a mechanism for resolving cases in which the court can render a judgment by looking only at the pleadings and judicially noticed facts. *See Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020).

6. The standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). *See id.* Therefore, to survive a motion to dismiss under Rule 12(c), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *See id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7. The sufficiency of the factual allegations aside, Rule 12 authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As here, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Id.* at 328.[3]

### IV.  ARGUMENT AND AUTHORITY

**A.  The TTCA Applies to Plaintiffs' Copyright Claims**

8. Here, Plaintiffs have brought a suit "under" the Texas Tort Claims Act because all of their claims against Marquardt are torts. Specifically, Plaintiffs allege three claims against Marquardt: (1) copyright infringement (Dkt. 15, at ¶¶ 67-80), (2) contributory copyright infringement (*Id.* at ¶¶ 81-89), and (3) violations of the Digital Millenium Copyright Act ("DMCA") (*Id.* at ¶¶ 98-107).

---

[2] The Court has not set a date for trial in this matter. *See* Dkt. 275.
[3] The opinion in *Nietzke v. Williams* was applying Fed. R. Civ. P. 12(b)(6), but a "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

9. "Copyright infringement, whether common law or statutory, is a tort." *Univ. of Hous. Sys. v. Jim Olive Photography*, 580 S.W.3d 360, 366 (Tex. App.—Houston [1st Dist.] 2019), *aff'd*, 624 S.W.3d 764 (Tex. 2021) (citing *Porter v. United States*, 473 F.2d 1329, 1337 (5th Cir. 1973); *Ted Browne Music Co. v. Fowler*, 290 F. 751, 754 (2d Cir. 1923) (stating courts "have long recognized that infringement of a copyright is a tort")).

10. In this case, even though the TTCA does not waive liability for copyright claims, they arise "under" the Act for purposes of § 101.106(f). *See Jim Olive Photography*, 580 S.W.3d at 366, *aff'd*, 624 S.W.3d 764 (Tex. 2021); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (citing *Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex. 1997)) (". . . all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106"); *Franka v. Velasquez*, 332 S.W.3d 367, 379-80 (Tex. 2011) (holding that tort claims against government are (or could be) brought "under this chapter" regardless of whether the TTCA waives immunity for those claims).[4]

### B. At Least Two Subsections of TTCA § 101.106 Bar Plaintiffs' claims

11. The two directly applicable subsections of TTCA § 101.106 are (a) and (f), set forth below:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit

---

[4] The Texas Supreme Court has held that "claims asserted pursuant to independent statutory waivers of immunity are not brought 'under' the [TTCA]." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015) (citing *Garcia*, 253 S.W.3d at 659). Here, however, neither the Copyright Act nor the DMCA provide an independent statutory waiver of sovereign immunity, further confirming that Plaintiffs' claims fall under the TTCA. *See Allen v. Cooper,* 589 U.S. 248 (2020) (holding that Congress had not abrogated the states' sovereign immunity in copyright infringement suits); *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1383 (Fed. Cir. 2008) ("The DMCA itself contains no express waiver of sovereign immunity").

> or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> …
>
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE §§ 101.106(a), (f).[5]

### i. Under Subsection (a), Plaintiffs Made an Irrevocable Election of Remedies.

12. Subsection (a) "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *see also Van Deelen v. Cain*, 628 F. App'x 891, 900 (5th Cir. 2015) ("[N]o amended pleading can moot [a plaintiff's] initial election, which must be and was made 'at the outset' of the litigation.").

13. Here, Plaintiffs initially sued the Texas A&M University Athletic Department and several employees including Marquardt. *See* Dkt. 1; Dkt. 15. This Court properly held that the Athletic Department was not a separate "jural entity," Dkt. 96 at 12-18, and the Fifth Circuit treated it as part of Texas A&M University. *See Canada Hockey L.L.C. v. Tex. A&M Univ. Ath. Dep't,* No.

---

[5] Subsection (e), which addresses the situation in this case where the plaintiffs sued both the governmental entity and employees, also mandates dismissal of the employee. *See* TEX. CIV. PRAC. & REM. CODE §101.106 (e).

20-20503, 2022 U.S. App. LEXIS 3976, at *17 (5th Cir. 2022). In choosing to sue Texas A&M, Plaintiffs triggered subsection (a), which "forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE §§ 101.106(a).

### ii. Subsection (f) Also Bars the Claims Against Marquardt Regardless of Any Election of Remedies

14. "[A] defendant is entitled to dismissal under section 101.106(f) upon proof that the plaintiff's suit (1) was based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act." *Tipps v. McCraw*, 945 F. Supp. 2d 761, 766 (W.D. Tex. 2013) (citing *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). With that standard in mind, the TTCA "strongly favors dismissal of governmental employees." *Id.* (citing *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied)).

15. "The first prong of § 101.106(f) [asks] whether the conduct at issue was within the scope of the defendant's employment with a governmental unit." *Tipps*, 945 F. Supp. 2d at 766. "This first component encompasses two inquiries: 'whether the individual defendant was an employee of a governmental unit and whether the acts alleged fall within the scope of that employment at the relevant time.'" *Id.* (quoting *Anderson*, 365 S.W.3d at 124).

16. Here, there is no dispute that Marquardt was an employee of a governmental unit, the Texas A&M Athletic Department. *See* Dkt. 15 (first amended complaint), at ¶ 10 ("Marquardt is the Associate Director of Media Relations for the A&M Athletic Department.").

17. Moreover, there can be no dispute that Marquardt's alleged actions fell within the scope of his employment. The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and

about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5).

18. Here, Plaintiffs allege that as a part of his employment duties, Marquardt "is responsible for providing content for the A&M Athletic Department's official Twitter account dedicated to its football program . . . ." Dkt. 15, at ¶ 10. As the basis for their claims against Marquardt, Plaintiffs allege that "Marquardt took a printed copy of the 2010 draft of the 12th Man book . . . [and] directed his secretary to retype the Gill Biography so it could be used to refute the Seattle Seahawks' claim to the 12th Man and support Defendants' claim to exclusive rights in the 12th Man story . . ." *Id.* at ¶ 47; *see also id.* at ¶ 52 (alleging that Marquardt's conduct "dr[ove] readers to the A&M Athletic Department Website and increase[d] valuable publicity for the A&M Athletic Department"). "To prevail on the scope-of-employment inquiry [in the context of TTCA §101.106(f)], a defendant need only link one's 'job responsibilities to the alleged tort.'" *Wells v. Texas Tech University,* 2025 U.S. App. LEXIS 4914 at *14 (5th Cir., Mar 3, 2025) (quoting in part from *Smith v. Heap,* 31 F.4th 905, 913 (5th Cir. 2022)). To be outside the scope of employment, the "alleged misconduct 'must have nothing to do with the employees' duties.'" *Id.* (quoting in part from *Wilkerson v. Univ. of N. Texas*, 878 F.3d 147, 160 (5th Cir. 2017)).

19. Clearly, Plaintiffs' allegations acknowledge that Marquardt was acting in the scope of his employment duties. Therefore, taking Plaintiffs' allegations as true, the first prong of § 101.106(f) is satisfied.

20. "The second prong of § 101.106(f) is whether suit 'could have been brought against the government unit under the Tort Claims Act.'" *Tipps v. McCraw*, 945 F. Supp. 2d 761, 768 (W.D. Tex. 2013) (quoting *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011)).

7

21. In *Franka v. Velasquez*, the Texas Supreme Court construed the phrase "could have been brought under this chapter against the governmental unit" in section 101.106(f). *See Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011). The issue in *Franka* was whether a government employee must demonstrate the suit could ***successfully*** be brought against the governmental unit to qualify for statutory immunity under § 101.106(f). *See id.* at 375. The court held that, for the purposes of § 101.106(f), a tort action "could have been brought under" the TTCA regardless of whether the Act waives immunity for the tort action. *Id.* In other words, a government employee acting in the course of his employment must be dismissed under TTCA §101.106(f) even if the governmental unit would be immune from suit. *See Espinal v. City of Houston*, 96 F.4th 741, 749 (5th Cir. 2024) (discussing and following *Franka* on this issue).

22. In this case, even though the TTCA does not waive liability for copyright claims, they arise "under" the Act for purposes of § 101.106(f). *See Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 738 (5th Cir. 2010) ("The Texas Supreme Court has held that all claims falling under the Tort Claims Act, not just those for which the Tort Claims Act waived immunity, trigger the election of remedies provision."); *Can. Hockey, L.L.C. v. Tex. A&M Univ. Ath. Dep't,* 2022 U.S. App. LEXIS 3976, at *21, n. 7 (5th Cir. 2022) ("Texas has not waived its immunity from tort claims arising out of copyright infringement violations.") (citation omitted).

23. "[I]n enacting subsection (f), the Legislature 'foreclose[d] suit [under the TTCA] against a government employee in his individual capacity if he was acting within the scope of his employment.'" *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 357 (Tex. 2013) (quoting in part from *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011)). Unlike subsection (a), § 101.106(f) "does not provide an 'election of remedies' to a plaintiff as much as provide

8

government employees immunity from suit in certain instances." *Tipps v. McGraw*, 945 F. Supp. 2d 761, 766 (W.D. Tex. 2013) (citation omitted). This is one of those instances.

## V.     CONCLUSION AND PRAYER

For these reasons, Defendant Brad Marquardt respectfully requests that the Court grant his motion for judgment on the pleadings, dismiss Plaintiffs' claims with prejudice, and enter an order awarding Defendant attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), with the amount to be determined at a later date.

Respectfully submitted,

/s/ *Ray Chester*
Ray Chester (attorney-in-charge)
State Bar No. 04189065
S.D. Tex. Bar No. 36495
Ian Davis
State Bar No. 24120793
S.D. Tex. Bar No. 3644072
MCGINNIS LOCHRIDGE LLP
1111 W. 6th Street
Bldg. B, Suite 400
Austin, TX  78703
512-495-6000
512-495-6093 (Fax)
rchester@mcginnislaw.com
idavis@mcginnislaw.com

**Attorneys for Defendant**
**Brad Marquardt, in his individual capacity**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 2nd day of April, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                  /s/ *Ray Chester*
                  Ray Chester