IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. BYNUM AND CANADA HOCKEY LLC d/b/a EPIC SPORTS, | § § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-00181 |
| BRAD MARQUARDT, in his individual capacity, | § § § § | |
| DEFENDANT. | § | |

**DEFENDANT BRAD MARQUARDT'S REPLY
IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Brad Marquardt ("Defendant" or "Marquardt") submits the following Reply in Support of his Motion for Judgment on the Pleadings, replying to Plaintiffs' Response [Dkt. 288]. In support thereof, Defendant would show as follows:

**I.   STATEMENT OF ISSUES TO BE RULED ON BY THE COURT**

1. Pursuant to Sections 101.106(a) and (f) of the Texas Tort Claims Act, should Plaintiffs' copyright claims against Marquardt be dismissed where (i) Plaintiffs filed claims against a governmental unit regarding identical subject matter, (ii) Marquardt is an employee of that governmental unit, and (iii) the claims against Marquardt relate to actions taken within the scope of his employment?

**II.   SUMMARY OF THE ARGUMENT**

2. Under the Texas Tort Claims Act's ("TTCA") election of remedies provision, a plaintiff can sue *either* a governmental unit *or* its employees. Not both. The TTCA makes clear that filing suit against a governmental unit, as was done in this case, "constitutes an irrevocable election by the plaintiff and immediately and *forever bars* any suit or recovery by the plaintiff

1

against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a) (emphasis added). A different subsection of the same statute mandates dismissal when a government employee is sued for actions within the course and scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f).

3. Notably, Plaintiffs' Response does not contest Defendant's TTCA analysis. Instead, Plaintiffs lodge three arguments as to why the TTCA should not apply at all. None of them pass muster.

4. First, Plaintiffs make the sweeping assertion that the TTCA has no application to federal claims. *See* Dkt. 288, at 7-8. None of their cases, however, support this per se rule. As Defendant explained in his Motion, federal claims do not arise "under" the TTCA when there is an independent statutory waiver of immunity. Because the Copyright Act and DMCA do not contain a statutory waiver of immunity, the TTCA applies to Plaintiffs' copyright claims.

5. Second, Plaintiffs argue that the TTCA is preempted by the Copyright Act. Yet, copyright preemption analysis examines whether a state law **cause of action** protects the same rights that the Copyright Act seeks to vindicate. In arguing that Defendant's invocation of the TTCA (which does not create a cause of action) substantively preempts the domain of federal copyright protection, Plaintiffs misapply preemption jurisprudence.

6. Finally, Plaintiffs contend that the Supremacy Clause precludes application of the TTCA. As explained below, Plaintiffs' case law authorities are dissimilar, and do not address the argument raised by Defendant—that the TTCA's election of remedies provision "forever bars" Plaintiffs' suit against Marquardt. For the reasons below, the Court should grant Defendant's Motion for Judgment on the Pleadings.

### III. ARGUMENT AND AUTHORITIES

A. The TTCA Applies to Plaintiffs' Copyright Claims

7. Plaintiffs' Response makes the sweeping assertion that the "Texas Tort Claims Act has no application to federal claims brought against individuals employed by the state." Dkt. 288, at 7-8. They cite to a number of cases, but none of these authorities support Plaintiffs' preferred rule. For example, relying on *Foston v. Galveston Indep. Sch. Dist.*, Plaintiffs argue: "Texas federal courts have made clear the Texas Torts Claim Act only applies to 'common law cause[s] of action' and not to federal law." Dkt. 288, at 7 (quoting *Foston v. Galveston Indep. Sch. Dist.*, 2006 U.S. Dist. LEXIS 56652, at *5-6 (S.D. Tex. Aug. 1, 2006)). *Foston's* holding says nothing of the sort. The full sentence in *Foston* reads: "A school district cannot be held liable for a common law cause of action unless the legislature has expressly waived that immunity." *Foston*, 2006 U.S. Dist. LEXIS 56652, at *5-6 (citing *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)). Contrary to Plaintiffs' misrepresentation, *Folston* did **not** hold that the TTCA has no application to federal law.

8. Plaintiffs' other citations are equally misleading; none of them support Plaintiffs' absolute rule that the TTCA "does not apply to federal law claims." Dkt. 288, at 7. All but one of the cases that Plaintiffs rely on for this (nonexistent) rule—*Pyle*, *Smith*, *Hartman*, *Adams* and *Goodman*—were § 1983 cases.[1] The only non-§ 1983 case—*Gonzales*—arose under Title II of the ADA.[2] Of course, Plaintiffs' claims do not arise under § 1983 or the ADA.

---

[1] Dkt. 288, at 7 (citing *Pyle v. City of Harlingen*, No. 1:13-cv-147, 2014 U.S. Dist. LEXIS 37196, at *18 (S.D. Tex. March 20, 2014); *Smith v. Criner*, No. 4:19-cv-1614, 2020 U.S. Dist. LEXIS 153014, at *7 (S.D. Tex. Mar. 31, 2020); *Hartman v. Walker*, No. 1:13-cv-355, 2015 U.S. Dist. LEXIS 125027, at *110 (E.D. Tex. Aug. 14, 2015); *Adams v. City of Laredo*, No. L-08-165, 2011 U.S. Dist. LEXIS 54384, at *37 (S.D. Tex. May 19, 2011); *Goodman v. Harris County*, No. H-03-4198, 2005 U.S. Dist. LEXIS 63004, at *40 & 49-50)).
[2] Dkt. 288, at 7 (citing Gonzales v. Sanchez, No. SA-23-cv-694, 2024 U.S. Dist. LEXIS 53469, at *4 (W.D. Tex. Mar. 25, 2024)).

9. Defendant acknowledges that claims brought pursuant to § 1983 and Title II of the ADA against governmental employees in their individual capacity do not arise "under" the TTCA. But that is not because *all* federal claims fall outside the TTCA. As the Texas Supreme Court has explained: "claims asserted pursuant to *independent statutory waivers of immunity are not brought 'under' the [TTCA]*." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015) (emphasis added) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).

10. Claims under § 1983 and Title II of the ADA are *necessarily* against governmental entities or officials and provide for independent statutory waivers of immunity. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ."); *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) ("A plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by *someone acting under color of state law*.'") (emphasis added); 42 U.S.C. § 12132 (Title II of ADA providing for private right of action when a "qualified individual with a disability . . . by reason of such disability, [is] excluded from participation in or be denied the benefits of the services, programs, or activities *of a public entity*, or [is] subjected to discrimination by any such entity.") (emphasis added); *United States v. Georgia*, 546 U.S. 151, 159 (2006) ("Title II [of the ADA] validly abrogates state sovereign immunity").

11. Here, however, neither the Copyright Act nor the DMCA provide an independent statutory waiver of sovereign immunity confirming that Plaintiffs' claims fall "under" the TTCA.

*See Allen v. Cooper,* 589 U.S. 248 (2020) (holding that Congress had not abrogated the states' sovereign immunity in copyright infringement suits); *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1383 (Fed. Cir. 2008) ("The DMCA itself contains no express waiver of sovereign immunity").

12.     Taken together, while it is true that federal laws providing an independent statutory waiver of immunity (such as § 1983 and Title II of the ADA) fall outside the TTCA, Plaintiffs have not cited to a single case holding that *all* federal claims fall outside the TTCA. Because there is no independent statutory waiver of sovereign immunity for copyright claims, the TTCA applies.

**B.     Preemption Does Not Bar Application of the TTCA**

13.     Plaintiffs' preemption argument misses the mark. Copyright preemption analysis examines whether a state law **cause of action** protects the same rights that the Copyright Act seeks to vindicate. To that end, preemption arguments are ordinarily raised by *defendants* who contend that one or more of the plaintiff's state law claims is substantively preempted by the Copyright Act. But here, Plaintiffs flip preemption analysis on its head, arguing that Defendant's invocation of the TTCA somehow substantively preempts the domain of federal copyright protection. The Court should reject this misapplication of preemption jurisprudence.

14.     "Section 301 of the Copyright Act preempts **state law claims** that fall within the general scope of federal copyright law." *Ultraflo Corp. v. Pelican Tank Parts, Inc*., 845 F.3d 652, 655 (5th Cir. 2017) (emphasis added). Consistent with the text of the statute, the Fifth Circuit employs "a two-prong test to determine whether the Act preempts a **state law cause of action**." Dig. *Drilling Data Sys., L.L.C. v. Petrolink Servs*., 965 F.3d 365, 377-78 (5th Cir. 2020) (emphasis added) (citing *Ultraflo,* 845 F.3d at 655). First, courts "examine the state **claim** 'to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C. § 102.'" *Id.* (emphasis added) (quoting *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 594 (5th Cir.

2015)). If so, courts "then consider the **state cause of action** 'to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as defined in 17 U.S.C. § 106.'" *Id.* (emphasis added) (quoting *Spear Mktg.*, 791 F.3d at 594). "Preemption does not occur if the state law claim requires 'one or more qualitatively different elements.'" *Id.* (quoting *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999). The party arguing against preemption must show "the presence of any element that renders different in kind its rights under state and federal law." *Alcatel*, 166 F.3d at 789.

15. Plaintiffs' primary case—*Ultraflo*—demonstrates the inapplicability of preemption here. In *Ultraflo*, the plaintiff asserted "an unfair competition by misappropriation claim under Texas law alleging that a competitor stole its drawings showing how to design valves and then used them to make duplicate valves." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 653 (5th Cir. 2017). The defendant argued that the Copyright Act preempted the plaintiff's state law claim for unfair competition by misappropriation. *See id.* The Fifth Circuit agreed. Applying the two-part preemption test, it held that: (1) the design drawings were "undoubtedly within the scope of copyright protection"; and (2) Texas's unfair competition by misappropriation claim protected rights that were equivalent to the exclusive rights of a federal copyright. *See id.* at 656-659.

16. Here, the TTCA "does not create a cause of action" under Texas law. *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997). Therefore, from the starting gate, Plaintiffs' preemption argument fails. *See Ultraflo*, 845 F.3d at 655 ("Section 301 of the Copyright Act preempts **state law claims** that fall within the general scope of federal copyright law.") (emphasis added).

17. Additionally, Plaintiffs gloss over the second step of preemption analysis – whether the state law claim "protects rights . . . that are equivalent to any of the exclusive rights within the general scope of copyright." *Id.* at 657. In conclusory fashion, Plaintiffs argue that application of

6

the TTCA "would directly overlap with and be equivalent to a copyright claim brought pursuant to the Copyright Act." Dkt. 288, at p. 9. The Court should reject this faulty premise. The TTCA does not create a substantive right for copyrighted works; it merely provides for governmental immunity and election of remedies in claims against governmental entities and officials. Plaintiffs do not explain—and Defendant cannot conceive—*how* the TTCA would be "equivalent to a copyright claim" under the Copyright Act. *See id.* The TTCA is silent with respect to copyright claims—which establishes that such claims do not have a statutory waiver of immunity. Taken together, and contrary to Plaintiffs' superficial analysis, the TTCA does not preempt the Copyright Act.

### C.   The Supremacy Clause Does Not Bar Application of the TTCA

18.   Finally, Plaintiffs argue that the "Supremacy Clause prohibits states from adopting laws to give their employees immunity from federal laws." Dkt. 288, at p. 9. In support, Plaintiffs rely primarily on two cases—but neither establishes that the TTCA's application is barred by the Supremacy Clause under these facts. At issue in *Haywood v. Drown* was a New York law that divested state trial courts of jurisdiction for federal § 1983 claims against government officials in their individual capacities. *See* 556 U.S. 729, 736-37 (2009). But as explained above, § 1983 claims are ***necessarily*** brought against government officials or entities, and there is no doubt that Congress—when it enacted § 1983—created an independent waiver of immunity. *See* 42 U.S.C. § 1983; *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019); *see also Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("claims asserted pursuant to ***independent statutory waivers of immunity are not brought 'under' the [TTCA]***.") (emphasis added).

19.   By contrast, Congress has not abrogated sovereign immunity for copyright claims. *See Allen v. Cooper,* 589 U.S. 248 (2020) (holding that Congress had not abrogated the states'

sovereign immunity in copyright infringement suits); *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1383 (Fed. Cir. 2008) ("The DMCA itself contains no express waiver of sovereign immunity").

20. Plaintiffs' other case—*Brown*—does not establish that the Supremacy Clause bars application of the TTCA here. With one paragraph of analysis, the *Brown* court held that "state law cannot provide ***immunity*** to persons sued for violating the Copyright Act[.]" *Richard Anderson Photography v. Brown*, 852 F.2d 114, 122 (4th Cir. 1988) (emphasis added). As explained in Defendant's Motion, however, the preclusion of Plaintiffs' copyright claims is not premised solely on immunity. Rather, Defendant argues that Plaintiffs' claims are barred by the TTCA's ***election of remedies*** provision in § 101.106(a)[3], which "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *see also Van Deelen v. Cain*, 628 F. App'x 891, 900 (5th Cir. 2015) ("[N]o amended pleading can moot [a plaintiff's] initial election, which must be and was made 'at the outset' of the litigation.").

21. As explained more fully in Defendant's Motion, Plaintiffs originally sued Texas A&M (Dkt. 1; Dkt. 15), and in doing so, Plaintiffs triggered TTCA § 101.106(a), which "forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a); *see also* Dkt.

---

[3] Section 101.106(a) provides: "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a).

285, ¶¶ 11-13. Taken together, *Brown's* holding was limited to a Virginia state law that provided **immunity**. *See Richard Anderson Photography v. Brown*, 852 F.2d 114, 122 (4th Cir. 1988). Here, however, Defendant's argument is that the TTCA's election of remedies provision bars Plaintiffs' claims against Marquardt.

22. Plaintiffs also claim that since *Brown* was decided in 1988 (*i.e.,* 37 years ago), two courts have "followed" its analysis. Dkt. 288, at p. 10 (citing *Berio-Ramos v. Flores-Garcia*, No. 13-1879, 2020 U.S. Dist. LEXIS 94617, at *3 n.1 (D.P.R. May 28, 2020); *Kersavage v. University of Tennessee*, 731 F. Supp. 1327, 1329-30 (E.D. Tenn. 1989)).

23. Not so. *Kersavage,* for one, was a patent case. *See Kersavage*, 731 F. Supp. at 1329-31. The plaintiff argued that Congress had abrogated sovereign immunity for patent claims against the state. *See id.* Relying on *Brown,* the court rejected this argument. *See id.* In other words, *Kersavage* did **not** rely on *Brown* for the reason suggested by Plaintiffs and had nothing to do with claims against state employees. Plaintiffs' other case—*Berio-Ramos*—did involve copyright, but there the court was not confronted with a Supremacy Clause question. *See Berio-Ramos*, 2020 U.S. Dist. LEXIS 94617. The defendant in *Berio-Ramos* was a lawyer who did contract work for the Senate of Puerto Rico; he was not a government employee. *See id.* at *5. Although the court cited to *Brown* in a footnote, that proposition was not implicated in the decision and therefore constitutes, at most, dicta. *See id.* at *3 n.1.

24. In other words, despite the fact that *Brown* was decided some 37 years ago, Plaintiffs can point to just two cases that supposedly "follow" its holding. But upon closer scrutiny, Plaintiffs' cases do not actually apply the rule cited in *Brown,* and therefore do not compel a similar conclusion in this case.

## IV.    CONCLUSION AND PRAYER

For these reasons, and the reasons set forth in Dkt. 285, Defendant Brad Marquardt respectfully requests that the Court grant his motion for judgment on the pleadings, dismiss Plaintiffs' claims with prejudice, and enter an order awarding Defendant attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), with the amount to be determined at a later date.

Respectfully submitted,

/s/ *Ray Chester*
Ray Chester (attorney-in-charge)
State Bar No. 04189065
S.D. Tex. Bar No. 36495
Ian Davis
State Bar No. 24120793
S.D. Tex. Bar No. 3644072
MCGINNIS LOCHRIDGE LLP
1111 W. 6th Street
Bldg. B, Suite 400
Austin, TX  78703
512-495-6000
512-495-6093 (Fax)
rchester@mcginnislaw.com
idavis@mcginnislaw.com

**Attorneys for Defendant**
**Brad Marquardt, in his individual capacity**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

/s/ *Ray Chester*
Ray Chester