United States District Court
Southern District of Texas
**ENTERED**
February 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANADA HOCKEY LLC, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-00181 |
| BRAD MARQUARDT, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Brad Marquardt's ("Marquardt" or "Defendant") Motion for Judgment on the Pleadings, (Doc. No. 285), to which Plaintiffs have responded in opposition (Doc. No. 288). Defendant replied in support of his motion. (Doc. No. 289). Having considered these documents and the applicable law, the Court hereby GRANTS Defendant's Motion. (Doc. No. 285).

### I.
### The Question Presented

While there are certain factual aspects of this case which the parties certainly dispute, there does not seem to be a factual dispute that impacts any critical aspect of Defendant's Motion for Judgment on the Pleadings. In that Motion, Marquardt puts forth two straight-forward legal propositions. First, Marquardt contends that he is, and was at all pertinent times, an employee of a State of Texas governmental unit. Marquardt, as an employee of the State, is, as a matter of law, afforded the protection of sovereign immunity unless that immunity has been waived. *See Thongsonlone v. Off. of the Atty. Gen. for Texas*, 2018 WL 1898457, at *1 (S.D. Tex. Apr. 20, 2018) ("As an agent of the state of Texas, Defendant is entitled to Eleventh Amendment

immunity absent waiver or abrogation." (citing *Johnson v. Prairie View A&M Univ.*, 587 Fed.Appx. 213, 214 (5th Cir. 2014); *Lowery v. Univ. of Hous.–Clear Lake*, 82 F. Supp. 2d 689, 693 (S.D. Tex. 2000))). Marquardt maintains that the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.001 *et seq.*, is the only possible waiver that applies to Plaintiff's claims because copyright claims equate to a tort, and since they sound in tort, the TTCA controls. That being the case, Defendant argues that the TTCA's election of remedies section bars this lawsuit. Defendant also claims that § 101.106(f) bars any claim against a governmental employee who was acting within the scope of his employment if those claims could have been brought against the governmental unit under the TTCA. Ultimately, since Marquardt is a state employee, he is immune unless immunity has been waived. *See Thongsonlone*, 2018 WL 1898457, at *1. Defendant contends that, since the theft of copyrighted material is essentially a tort, the only possible waiver must be found in the TTCA. His final conclusion is that instead of waiving Marquardt's immunity, the TTCA bars Plaintiffs' claims.

Not surprisingly, the Plaintiffs do not agree. First, Plaintiffs dispute the applicability of the TTCA to this lawsuit. They argue that since copyrights are entities created by and grounded primarily in federal law and since federal law predominates over state law, Defendant's entire premise is misplaced. In effect, they are arguing that federal law has abrogated Eleventh Amendment sovereign immunity. Secondly, they argue that since the TTCA was not drafted to apply to copyright violations, it should have no application whatsoever. Importantly, in making this second argument, Plaintiffs do not suggest any pathway around Marquardt's sovereign immunity other than the TTCA, nor do they really question his interpretation of the TTCA.

That being the case, the application of the TTCA to a copyright infringement claim is the

threshold question.

## II.
## Does the TTCA Apply to Copyrights?

It is almost a truism that the Texas Tort Claims Act applies to torts. A copyright is a creation of statute, and the applicable sections not only govern its creation, but also provide remedies for a violation thereof. *See Globe Newspaper Co. v. Walker*, 210 U.S. 356, 365 (1908) ("[A]n inspection of the copyright statute indicates that the purpose of Congress was not only to create the rights granted in the statute, but also to create the specific remedies by which alone such rights may be enforced."). That being said, there seems to be a consensus (albeit a small one) that "infringement of copyright, whether common law, or statutory, constitutes a tort." *Porter v. United States*, 473 F.2d 1329, 1337 (5th Cir. 1973); *see also Keck v. Mix Creative Learning Ctr., LLC*, 2022 WL 19691177 (S.D. Tex. Dec. 19, 2022), *aff'd sub nom. Keck v. Mix Creative Learning Ct., LLC.*, 116 F.4th, 448 (5th Cir. 2024) ("Copyright infringement is a strict liability tort."). This satisfies the Defendant's initial underlying fundamental premise.

The second building block of Defendant's argument is that infringement claims sound in tort and if such a claim is made against a governmental unit or employee, that employee is immune unless such action triggers the application of the waivers in the TTCA. The consensus on the application of the TTCA here seems more widespread. Many courts have held that a tort claim against a governmental unit or employee is presumed to fall under the umbrella of the TTCA. *See, e.g., Jackson v. Texas S. Univ.*, 31 F. Supp. 3d 884, 889 (S.D. Tex. 2014) ("Because the Tort Claims Act is the only, albeit limited, avenue for common law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Texas Tort Claims Act]' for purposes

of section 101.106.") (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)); *Doe on Behalf of Doe v. Dallas Independent School District*, 534 F. Supp. 3d 682, 692 (N.D. Tex. 2021) (same); *Pyle v. City of Harlingen*, 2014 WL 1230026, at *4 (S.D. Tex. Mar. 20, 2014) (same); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 463–64 (5th Cir. 2010) (same); *Harris v. Wal-Mart Stores Texas, LLC*, 2020 WL 4726757, at *12 (S.D. Tex. May 6, 2020) (same); *Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675, at *5–6 (S.D. Tex. Dec. 7, 2012) (same); *Alcala v. Texas Webb Cnty.*, 620 F. Supp. 2d 795, 805 (S.D. Tex. 2009) (same); *Landreneau v. Gorczynski*, 2009 WL 151580, at *2 (S.D. Tex. Jan. 22, 2009) (same).

Plaintiffs assert that the TTCA does not apply to any federal claims, yet cite no authority to support this broad proposition. The majority of the cases that even refer to the intersection of federal law and state/individual immunity do so in the context of federal laws that include waivers of sovereign immunity as opposed to claims that fall under the TTCA. "Claims against the government *brought pursuant to waivers of sovereign immunity that exist apart* from the Tort Claims Act are not brought 'under [the Tort Claims Act].'" *Franka v. Velasquez*, 332 S.W.3d 367, 379 (Tex. 2011) (emphasis added); *Garcia*, 253 S.W.3d 653 at 659; *Pyle*, 2014 WL 1230026, at *4; *Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 649 n.8 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Tex. Dep't of Aging & Disability Servs v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015). Thus, if a plaintiff brings a claim against the state government pursuant to a separately identified statutory waiver of sovereign immunity, such a claim would not fall under the TTCA. For example, this is true in certain civil rights actions. *See, e.g., Ussery v. State of La. on Behalf of Louisiana Dep't of Health & Hosps.*, 150 F.3d 431, 437

(5th Cir. 1998) ("Congress abrogated the States' Eleventh Amendment immunity when it extended both Title VII and the [Equal Pay Act] to the States as employers."). Neither the Copyright Act nor the Digital Millenium Copyright Act ("DMCA") contain such a valid waiver.

Further, the Supreme Court, while facing somewhat different facts, seems to have already precluded Plaintiffs' argument regarding Marquardt's immunity. It has found that Congress lacked the constitutional basis to strip States of their government immunity in copyright cases:

> In two basically identical statutes passed in the early 1990s, Congress sought to strip the States of their sovereign immunity from patent and copyright infringement suits. Not long after, this Court held in *Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank*, 577 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999), that the patent statute lacked a valid constitutional basis. Today, we take up the copyright statute. We find that our decision in *Florida Prepaid* compels the same conclusion.
>
> \*\*\*\*
>
> The problem for Allen is that this Court has already rejected his theory. The Intellectual Property Clause, as just noted, covers copyrights and patents alike. So it was the first place the *Florida Prepaid* Court looked when deciding whether the Patent Remedy Act validly stripped the States of immunity from infringement suits. In doing so, we acknowledged the reason for Congress to put "States on the same footing as private parties" in patent litigation. It was, just as Allen says here, to ensure "uniform, surefire protection" of intellectual property. That was a "proper Article I concern," we allowed. But still, we said, Congress could not use its Article I power over patents to remove the States' immunity. We based that conclusion on *Seminole Tribe v. Florida*, decided three years earlier. There, the Court had held that "Article I cannot be used to circumvent" the limits sovereign immunity "place[s] upon federal jurisdiction." That proscription ended the matter. <u>Because Congress could not "abrogate state sovereign immunity [under] Article 1," *Florida Prepaid* explained, the Intellectual Property Clause could not support the Patent Remedy Act. And to extend the point to this case: if not the Patent Remedy Act, not its copyright equivalent either, and for the same reason. Here too, the power to "secur[e]" an intellectual property owner's "exclusive Right" under Article I stops when it runs into sovereign immunity</u>.

*Allen v. Cooper*, 589 U.S. 248, 251, 256–57 (2020) (emphasis added) (citations omitted).

Clearly if the Supreme Court has ruled that Congress, in passing an otherwise valid law

that expressly addresses this situation, could not violate the Eleventh Amendment rights of a State, it would not allow the Plaintiffs herein to do so merely because Article I of the Constitution gives Congress the right to "promote the [p]rogress of [s]cience and useful [a]rts, by securing for limited [t]imes to [a]uthors and [i]nventors the exclusive [r]ight to their respective [w]ritings and [d]iscoveries." U.S. Const. art. I, § 8, cl. 8. Therefore, it is clear that federal law does not grant a right to invade the Eleventh Amendment protection offered to States. *See id.*

If a State maintains its sovereign immunity vis-a-vis copyrights, neither it nor its agents (including Marquardt) can be sued unless a waiver or mechanism is in place. *See Regents of the U. of California v. Doe,* 519 U.S. 425, 429 (1997) ("It has long been settled that the [Eleventh Amendment's] reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As noted before, there is no national waiver that could provide such a pathway. Consequently, Plaintiffs can only maintain this suit if Texas has provided such a pathway. Neither Plaintiffs nor Defendant have suggested such a path around Eleventh Amendment immunity—other than the latter's suggestion of the TTCA. Consequently, this Court holds that unless the TTCA provides a means to avoid immunity, the Plaintiffs have not pleaded a cause of action upon which they can prevail.

Given that Plaintiffs' federal law predominance arguments are precluded by the Supreme Court and given that Texas and its employees can only be sued via a pathway the state has agreed to and given that the only pathway identified by either side or existing case law is the TTCA, the Court hypothetically assumes that the TTCA applies (otherwise defendant is completely immune). Therefore, the Court must address the arguments raised by the Defendant

to determine whether Plaintiffs are precluded from proceeding here.

## III.
## Are Plaintiffs' Claims Barred by the TTCA?

**A.    Election of Remedies**

Subsection (A) of TTCA section 101.106 states:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

In this case, the Plaintiffs not only sued Marquardt, but they also sued Texas A&M's Athletic Department that employed Marquardt. While the Athletic Department is not a suable or "jural" entity, it is part of the University and has been legally treated as such. *See Canada Hockey L.L.C. v. Tex. A&M Univ. Ath. Dep't*, No. 20-20503, 2022 U.S. App. LEXIS 3976, at *17 (5th Cir. 2022). Since Plaintiffs sued Texas A&M, the TTCA bars suits against its employees.

While this provision may seem somewhat draconian, it has been strictly enforced by both federal and state courts. The plaintiff in *Bustos v. Martini Club Incorporated*, 599 F.3d 458 (5th Cir. 2010) sued both the employee and a governmental unit in the same claim. Judge Owen, writing for a panel that was reversing a prior panel, wrote that regardless of the prior panel's decision, the Circuit was bound by the Supreme Court of Texas:

> If the plaintiff sues both the governmental unit and any of its employees under the TTCA, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." As the Supreme Court of Texas has explained, the provision's "apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable."

> \*\*\*\*
>
> In contrast, the Texas court held in *Garcia* that the TTCA applied and <u>could bar a plaintiff's intentional tort claim against an employee when the plaintiff had sued both the employee and the governmental unit that employed him</u>. In doing so, the court interpreted the following language in § 101.106(e): "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." The court explained that "under this chapter" does not limit the statute's reach to tort claims for which the TTCA waives immunity. The court then reasoned that, because the TTCA was the only avenue for common-law recovery against a governmental unit, all tort claims against such units were assumed to be "under this chapter" for purposes of § 101.106. As a result of this ruling, if a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves. That this holding applies to intentional torts is clear since the claim at issue in *Garcia* was one for intentional infliction of emotional distress, and since the court expressly noted an earlier decision in which it had held that the previous version of § 101.106 applied to intentional torts. The *Meadours* panel's [prior panel] holding that § 101.106 does not apply to intentional torts is contrary to the Texas Supreme Court's subsequent holding. <u>Accordingly, we defer to the Supreme Court of Texas and hold that the election of remedies provisions in § 101.106 apply to state law intentional tort claims against a governmental unit and its employees.</u>

*Id.* at 462–63 (emphasis added) (citations omitted).

In *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778 (W.D. Tex. 2016), *aff'd*, 891 F.3d 214 (5th Cir. 2018), the court addressing the same issue wrote:

> "The Texas Tort Claims Act ["TTCA"] provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." <u>Nevertheless, the TTCA bars a plaintiff's intentional tort claim against an employee when the plaintiff sues both the employee and the governmental unit that employed him or her</u>. "If a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." "<u>[I]f a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves.</u>" This holding also applies to intentional torts.

*Id.* at 787 (emphasis added) (citations omitted).

Before she was elevated to the Fifth Circuit, United States Magistrate Judge Ramirez wrote:

> "Although recognized as a harsh grant of immunity, [§ 101.106] serves the purpose of protecting government employees from individual liability for acts or omissions where a claim based upon the same facts is made against their employers." The election-of-remedies provisions in § 101.106 cover all state tort claims, whether intentional or negligent, and whether brought under common law or the TTCA.

*Thomas v. State*, 294 F. Supp. 3d 576, 614 (N.D. Tex. 2018), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (emphasis added) (citations omitted).

The Supreme Court of Texas has made it clear that subsequent proceedings and pleadings do not change the impact of this election provision:

> A public employee may be individually liable for his tortious conduct outside the general scope of employment, but section 101.106 of the Texas Tort Claims Act ("the Act") "requir[es] a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone." If the plaintiff nevertheless sues both employer and employee, section 101.106(e) requires that the employee "immediately be dismissed" on the employer's motion. We hold that this statutory right to dismissal accrues when the motion is filed and is not impaired by later amendments to the pleadings or motion. We also conclude that the record in this case establishes that the individuals sued were employees of a state agency.
>
> ****
>
> Section 101.106 requires a plaintiff to decide on a theory of tort liability before suit is even filed. A plaintiff must "decide *at the outset* whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." That decision is "an irrevocable election *at the time suit is filed*" whether to "su[e] the governmental unit under the Tort Claims Act or proceed[ ] against the employee alone." This early-election requirement "reduce[s] the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that employee acted independently and is individually liable."

> We have warned that "[b]ecause the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." And we have counseled that when interpreting section 101.106, courts "must favor a construction that most clearly leads to the early dismissal of a suit against an employee when the suit arises from an employee's conduct that was within the scope of employment."
>
> As we have noted, when a plaintiff sues both a governmental unit and its employees in tort, as Rios did here, section 101.106(e) requires that "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." We observed in *Texas Department of Aging and Disability Services v. Cannon* that this requirement effectively makes a plaintiff's apparent nonchoice an election to sue only the government. Thus, when defendants filed their original motion to dismiss, they were entitled to dismissal of the tort claims Rios asserted against both them and the Center, which were all the tort claims pleaded.

*Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 532, 536–37 (Tex. 2017) (emphasis added) (citations omitted).

Texas courts of appeals have uniformly followed these dictates. In *Lenoir v. Marino*, 469 S.W.3d 669 (Tex. App.—Houston [1st Dist.] 2015), *aff'd*, 526 S.W.3d 403 (Tex. 2017), the court found that it did not make a difference if the act was within the employee's general scope of her employment or whether she was acting independently. The election provisions still applied:

> The Texas Supreme Court has held that any tort action brought against a governmental employee acting in the general scope of her employment is one that "could have been brought under this chapter against the governmental unit," *even if the particular tort alleged is one for which immunity has not been waived*. As a result, to obtain summary dismissal under TCA section 101.106(f) in a tort case, the individual defendant has the burden to establish—as a matter of law—two things: (1) she is an employee of a governmental unit (2) working in the general scope of her employment.
>
> The election-of-remedies provision forces plaintiffs to decide "at the outset" "whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *If the plaintiff sues the governmental unit, she is forever barred from suing the governmental unit's employees*. If the

> plaintiff elects, instead, to sue the governmental employee and maintains that the employee acted independently (which could lead to individual liability unlimited by the cap imposed by TCA section 101.023), the plaintiff is forever barred from suing the governmental employer unless the governmental unit consents.
>
> *Because it is an irrevocable decision, "a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." This law "strongly favors dismissal of governmental employees."*

*Id.* at 674–75 (emphasis added) (citations omitted).

The Austin Court of Appeals in *McFadden v. Olesky*, 517 S.W.3d 287 (Tex. App.—Austin 2017, pet. denied) wrote at length on the election provision and why it was important for putative plaintiffs to decide on their strategy pre-suit.

> Section 101.106 of the TTCA, entitled "Election of Remedies," sets out the potential consequences of a plaintiff's decision to sue a governmental unit, its employee, or both. This provision forces plaintiffs "to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." <u>If a plaintiff is unwise in her choice of which party to sue, she faces a potential bar to recovery from both the employee and the governmental unit</u>. Subsection (f) governs circumstances in which a plaintiff has elected to sue a governmental employee and provides the employee with the ability to be dismissed from the suit in certain circumstances. Section 101.106(f) provides:
>
>> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.
>
> <u>As discussed above, the Texas Supreme Court held in *Franka* that any tort claim against a governmental unit is brought "under the act" for purposes of section 101.106(f) even if the TTCA does not waive immunity for the tort alleged.</u>

*Id.* at 293–94 (emphasis added) (citations omitted).

11

By suing Marquardt and Texas A&M, Plaintiff triggered this election provision, and the former must be dismissed.

## IV.
## Does Section 101.106(f) Require Dismissal?

Although the combination of the Eleventh Amendment and the provisions of Section 101.106(a) are dispositive, the Court elects to address Subsection (f) as well. It states:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).

As the Court noted above, there is no serious factual dispute concerning the application of this subsection. Marquardt was clearly an employee of a governmental unit and, while the parties differ on what it was that he actually did with the Plaintiffs' material, all of the acts alleged were performed within the scope of his employment. Thus, if the TTCA applies and the claim could have been brought against the governmental unit (Texas A&M), these claims against Marquardt must be dismissed. The Supreme Court of Texas has interpreted the TTCA to encompass claims that could have been brought even if the Texas governmental entity was immune from suit. *See Franka*, 332 S.W.3d at 369; *Espinol v. City of Houston*, 94 F.4th 741, 749 (5th Cir. 2024).

The Court in *McFaddin v. Olesky* explained the application of subsection (f) this way:

**Application of Section 101.106(f)**
"[W]hen suit is brought against a governmental employee for conduct

within the general scope of his employment, and suit could have been brought under the TTCA against the government, section 101.106(f) provides that 'the suit is considered to be against the employee in the employee's official capacity only.'" Because such a suit "actually seeks to impose liability against the governmental unit rather than on the individually specifically named," it "is *not* a suit against the employee; it is, in all but name only, a suit against the governmental unit." Section 101.106(f) "provides the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity," i.e., when suit is brought "for conduct within the general scope of his employment and [when] suit could have been brought under the TTCA against the government." Consequently, McFadden's suit against Officers Olesky and Sanchez is considered to be against the officers in their official capacities, and they are entitled to dismissal under section 101.106(f) if (1) their alleged conduct was within the scope of their employment and (2) McFadden's suit could have been brought under the TTCA against the City of Austin and/or APD.

517 S.W.3d at 296 (emphasis added) (citations omitted). It held that:

> Because McFadden's suit against Officers Olesky and Sanchez was based on conduct within the general scope of their employment and could have been brought against the City of Austin and APD, McFadden's suit is considered to be against the officers in their official capacities only. Having been sued in their official capacities, Officers Olesky and Sanchez were entitled to dismissal of the claims pursuant to section 101.106(f). Because Officers Olesky and Sanchez are immune from suit, the trial court lacked subject matter jurisdiction, completely barring McFadden's malicious prosecution claims.

*Id.* at 298 (emphasis added) (citations omitted).

In other words, section 101.106(f) confers immunity on a sued state employee if the conditions of subsection (f) are met. Here, these conditions are unquestionably met and the claims alleged here against Marquardt must be dismissed.

## V.
### Conclusion

This Court finds that unless the State of Texas has waived its Eleventh Amendment immunity for it or its employees for the claims made herein, that immunity extends to Brad Marquardt. Further, it finds that the United States has not, in any pertinent legislation, taken the

steps outlined by the Supreme Court in *Allen v. Cooper* that could be interpreted as having an effect on this immunity. Thus, Eleventh Amendment immunity has not been abrogated.

That being said, Texas has only waived immunity in the certain circumstances outlined in the TTCA. If the TTCA is not applicable, then the Defendant herein is entitled to the protection of the Eleventh Amendment, and the Plaintiffs herein take nothing. If the TTCA is applicable, then Marquardt must be dismissed for the reasons outlined above. Consequently, Defendant's Motion for Judgment on the Pleadings, (Doc. No. 285), is granted.

The case against Marquardt is consequently dismissed either because he is immune or because of the dictates of the TTCA.

SIGNED on this 13th day of February 2026.

Andrew S. Hanen
United States District Judge